STATE v. COMMERCIAL STATE BANK ET AL.

[FILED FEBRUARY 5, 1890.]

1. **Banks:** RECEIVERS: SUPREME COURT MAY APPOINT. The supreme court in a proper case has jurisdiction to appoint a receiver to take charge of and wind up the affairs of a banking corporation organized under the laws of this state.

2. ——: ——. THE APPLICATION for the appointment of a receiver, set out at length in the opinion, *held*, sufficient.

3. ——: CREDITORS: STOCKHOLDERS. The property and assets of a banking corporation organized under the laws of this state, after it has ceased to carry on a banking business, are a trust fund for the payment of its debts. The rights of the creditors to the corporate property, so far as it is necessary to meet their demands, are superior to those of the stockholders, or the assignee of an insolvent stockholder.

ORIGINAL application for appointment of receiver. Filed under provisions of sec. 14, ch. 37, Laws 1889.

*William Leese, Attorney General,* and *W. T. Scott,* for the state.

*Sedgwick & Power, contra.*

No briefs filed.

NORVAL, J.

This is an original application brought by the attorney general for the appointment of a receiver to take charge of and wind up the business of the defendant bank. The petition is as follows:

" The attorney general respectfully represents to the court :

" First—That the defendant the Commercial State Bank is a corporation, duly organized under and by virtue of the laws of this state.

" Second—That the defendant John F. McConaughy is the president of the defendant bank.

" Third—That the defendant George W. Shreck is the sheriff of York county.

" Fourth—That the following named persons are creditors of said bank, and have money deposited therein in the sums set opposite their respective names :

| | |
|---|---|
| N. M. Ferguson | $2000 00 |
| T. J. Maguire | 650 00 |
| J. H. Bell | 110 00 |
| E. J. Petty | 377 35 |
| Fairman & Harrington | 300 00 |
| Mabel Fairman | 100 00 |
| Grace Fairman | 50 00 |
| E. E. Watts | 235 00 |
| Daniel Dorenbarger | 300 00 |
| W. C. Conkle | 394 13 |
| W. S. Jeffrey | 300 00 |

" That the following named persons have sums of money deposited in said bank which in the aggregate amount to $2,583.58, to-wit : John W. Atkinson, Ancient Order of United Workman, A. R. Bennett, R. L. Baugh, C. W. Beanblossom, E. B. Fox, S. M. French, Gobe Brothers, T. B. Kohn, S. A. Myers, R. E. McConaughy & Co., George F. Holmes, Scott & Stoddard, W. R. Vandevere, J. A. Greer & Co., G. M. Snyer, L. W. Troutman, John Bingham, S. J. Laird, William Bartlett, Thomas Barber, J. A. Vandyke, John Bittinger, C. A. Pyle, W. C. Harris, J. M. Stoddard.

" Fifth—That the defendant McConaughy, on the 25th day of November, 1889, being, as he alleges, insolvent, made an assignment for the benefit of his creditors, and the defendant Shreck, as sheriff of York county, has taken possession of all the estate of the defendant McConaughy, and by the direction of the officers of the defendant bank, who claim that the defendant McConaughy is the sole owner

thereof, the sheriff has closed the doors of said bank, taken possession of all its assets, and claims to hold the same by virtue of his office as assignee of said alleged insolvent.

"Sixth—That at all times since the commencement of business by defendant bank, it has been conducted as a corporation, its articles of incorporation having been duly filed in the office of the county clerk of York county, and a copy thereof in the office of secretary of state.

"Seventh—That it has been made to appear to the auditor of public accounts and the attorney general that the manner in which the defendant is conducting its business is unsafe and unauthorized, and is jeopardizing the interest of its depositors, and that it is unsafe and inexpedient for such corporation to continue to further transact business. Reference is hereby made to the affidavits hereto attached as Exhibits 'G' and 'H,' and the report of said bank made November 8, 1889, marked Exhibit 'A.'

Eighth—That the defendant McConaughy is indebted in much larger amounts than he can pay in full, and has been insolvent for a long period of time, but the assets of said bank are not large enough, together with the individual assets of the defendant McConaughy, to pay more than 50 per cent of the liabilities of the defendant bank and the defendant McConaughy; and the interests of depositors will be without protection unless this court appoint a receiver to wind up the business of the defendant bank.

"Ninth—That if the affairs of said bank are properly managed, and its business wound up in accordance with the law under which it has been conducting a banking business, its depositors and all of its creditors may be paid in full, as its assets are in excess of its liabilities.

"Tenth—That all of the persons whose names are mentioned in the body of this petition as depositors in said bank have made demand upon the officers of said bank for the payment of the amounts severally due them, and payment thereof has been by them refused; that the officers of

said bank declare that no more payments will be made by the defendant bank ; that the sheriff, who now holds possession of its assets, intends to distribute the same among all of the creditors of the defendant McConaughy *pro rata* only ; and the sheriff now holds possession of said assets, and will so administer said assets unless he be ordered to turn the same over to a receiver to be appointed by this court.

" Eleventh—That on Saturday, the 23d day of November last, the president of the defendant bank, at the time when he was contemplating insolvency, and knowing that he was insolvent, received from S. J. Laird, one of the depositors above mentioned, a deposit of money amounting to the sum of $300, knowing that he, the said president, was insolvent and contemplated making an assignment for the benefit of his creditors, and on said day the said defendant issued his check on said bank, which was paid after banking hours on said day, all of which was done in contemplation of insolvency, and with intent to defraud creditors of said bank.

"Twelfth—The plaintiff therefore prays that the sheriff of said county be ordered to list the assets of the defendant bank, to report the same to this court, and to turn the same over to such person as this court may direct; that this court will appoint a receiver, who may be by the court ordered and directed to take charge of the assets of the defendant bank, with directions to wind up the affairs of said bank in accordance with law, and for such relief as may be just and equitable ; that the defendant McConaughy may be ordered to show cause, if he has any, why the court may not appoint a receiver as herein prayed for."

Exhibit "A" attached to and made a part of the petition is the report made by the bank to the auditor of public accounts, of its condition at the close of business on October 30, 1889, in which the liabilities of the bank for "demand certificates of deposit" are set down at $684.70.

It appears from Exhibit "H" attached to the petition, that on the 6th day of June, 1889, the bank, by McConaughy, its president, issued two demand certificates of deposit for $1,000 each, to one N. M. Ferguson; that the same are outstanding and unpaid; that the defendant bank, with the intention of deceiving its depositors, failed and refused to include the amount of said certificates in its said bank statement.

To the petition the defendant Shreck demurs upon the following grounds:

First—Because the said petition or complaint does not state facts sufficient to constitute a cause of action against this defendant.

Second—Because this court has no jurisdiction in said cause, as appears from the face of the petition or complaint.

This proceeding was commenced under section 14 of the state banking law, which is as follows:

"Sec. 14. Whenever it shall appear to the auditor of public accounts, state treasurer, and attorney general, or any two (2) of them from any examination or report provided for by this act, that any corporation, firm, or individual transacting a banking business is the owner of property of the kind required by this act, of the cash value of less than the amount herein required, above all incumbrances thereon, and in excess of all liabilities due from said corporation, firm, or individual, or is conducting his or its business in an unsafe and unauthorized manner, and is jeopardizing the interest of his or its depositors, and that it is unsafe and inexpedient for any such corporation, firm, or individual to continue to transact a banking business, they shall communicate the facts to the attorney general, who shall thereupon apply to the supreme court, or the district court of the county where such corporation, firm, or individual has his or its banking office, or to a judge of either, for the appointment of a receiver to take

charge of and wind up such banking business. It shall be sufficient to authorize the appointment of a receiver, on the application of the attorney general, that the facts set forth in this section shall be made to appear."

The first question to be determined is, whether this court has jurisdiction of the case. This is a civil action brought by the attorney general in the name of the state.

Sec. 2 of article 6 of the constitution confers original jurisdiction on the supreme court in civil cases in which the state is a party. The above quoted section of the banking act provides that the application for the appointment of a receiver may be made to this court. We do not hesitate to entertain jurisdiction.

The petition contains all the facts required by the banking law and is sufficient to authorize the appointment of a receiver to take charge of and wind up the affairs of the defendant bank.

It appears from the allegations of the petition that the defendant McConaughy has made an assignment for the benefit of his creditors, and that the defendant sheriff, as such assignee, has taken possession of all of the estate of said McConaughy, by the direction of the officers of the defendant bank, who claimed that the defendant McConaughy is the sole owner thereof. This brings us to the principal question we are called upon to decide in this case, and that is, whether the property and assets of a banking corporation organized under the laws of this state, after it has ceased to do business, should be applied in payment of its debts, and whether this right is superior to those of a stockholder of the bank, or the assignee of a stockholder. The defendant bank is an artificial person, having its own property, assets, and liabilities. Credit was given to the corporation; its assets should be applied where the credit was given, and not be taken in payment of the individual debts of one of the stockholders.

It has been repeatedly held by this court, and we think

correctly, that the property of an insolvent trading part-nership should be applied first in payment of the firm debts. The same rule should be applied in winding up the business of the defendant bank. The property and as-sets are a trust fund for the payment of its debts and can-not lawfully be diverted. The rights of the creditors to the assets are superior to those of the stockholders or the creditors of a stockholder. Mr. Perry, in his work on trusts, states the rule thus : "A corporation holds its prop-erty in trust : first, to pay its creditors, and, second, to dis-tribute to its stockholders *pro rata*. If, therefore, a cor-poration should dissolve and divide its property among its shareholders without first paying its debts, equity would enforce the claims of its creditors by converting all per-sons, except *bona fide* purchasers for value, to whom its property had come, into trustees, and would compel them to account for the property, and contribute to the payment of the debts of the corporation, to the extent of its prop-erty in their hands." (Perry on Trusts, sec. 242.) This doctrine has been established by the adjudicated cases. In *Upton v. Tribilcock*, 91 U. S., 45, it is stated that "the capital stock of a moneyed corporation is a fund for the payment of its debts. It is a trust fund, of which the di-rectors are the trustees. It is a trust to be managed for the benefit of its shareholders during its life, and for the bene-fit of its creditors in the event of its dissolution. This duty is a sacred one, and cannot be disregarded. Its violation will not be undertaken by any just-minded man, and will not be permitted by the courts." The following authori-ties sustain the same position : *Taylor v. Miami Exporting Co.*, 5 Ohio, 165; *Goodin v. Cincinnati, etc., Canal Co.*, 18 Ohio St., 182; *Sanger v. Upton*, 91 U. S., 56.

It appears from the allegations of the petition that the assignee of McConaughy has, by direction of the officers of the bank, taken possession of all its property. This action on the part of the officers conferred no rights upon the as-

signee. It being established that the assets of the bank are a trust fund for all its creditors, it follows that the officers of the corporation were trustees for all the creditors and could not lawfully turn over the same to the assignee. The receiver heretofore appointed by this court is entitled to all of the property of the bank.

The demurrer to the petition is overruled.

JUDGMENT ACCORDINGLY.

THE other judges concur.