STATE OF NEBRASKA v. EXCHANGE BANK OF MILLIGAN.

[FILED MARCH 9, 1892.]

1. **Supreme Court:** APPOINTMENT OF BANK RECEIVERS: CONSTITUTIONAL LAW. The provisions of section 14, chapter 8, Compiled Statutes, known as the banking act, which authorizes the appointment by this court of receivers of insolvent private banks to take charge of and wind up the business thereof, does not conflict with the provisions of sec. 2, article 6, of the constitution.

2. ——: ——. ——. *State of Nebraska v. Commercial Bank*, 28 Neb., 677, cited and followed.

ORIGINAL insolvency proceeding. Instituted under the provisions of Ch. 37, Laws of 1889.

*Geo. H. Hastings, Attorney General,* for the state.

*H. D. Estabrook,* and *John L. Webster, contra.*

Post, J.

The only question presented by this record in this case is the constitutionality of so much of section 14, chapter 8, Compiled Statutes, known as the banking law, as purports to confer upon this court jurisdiction to appoint receivers to take charge of and wind up the business of insolvent private banks.

The original jurisdiction of this court is defined by section 2, article 6, of the constitution, as follows :

" The supreme court shall consist of three judges, a majority of whom shall be necessary to form a quorum, or to pronounce a decision.     It shall have original jurisdiction in cases relating to the revenue, in civil cases in which the state shall be a party, *mandamus, quo warranto, habeas corpus,* and such appellate jurisdiction as may be provided by law." The act in question is entitled "An act to require corporations, firms, and individuals transacting a banking business to make reports of their resources and liabilities to the auditor of public accounts, and to provide for the examinations of the affairs of such banking institutions, and to fix the minimum capital for transaction of a banking business, punish the receiving of deposits by insolvent banking institutions, and to provide for winding up their affairs, and to repeal sections one, two, and three of chapter eight of the Compiled Statutes."

The provisions of section 14 of said act are as follows:

"Sec. 14. Whenever it shall appear to the auditor of public accounts, state treasurer, and attorney general, or any two (2) of them, from any examination or report provided for by this act, that any corporation, firm, or individual transacting a banking business, is the owner of property of the kind required by this act, of the cash value of

less than the amount herein required, above all incumbrances thereon, and in excess of all liabilities due from said corporation, firm, or individual, or is conducting his or its business in an unsafe and unauthorized manner and is jeopardizing the interests of his or its depositors, and that it is unsafe and inexpedient for any such corporation, firm, or individual to continue to transact a banking business, they shall communicate the facts to the attorney general, who shall thereupon apply to the supreme court, or the district court of the county where such corporation, firm, or individual has his or its banking office, or to a judge of either, for the appointment of a receiver to take charge of and wind up said banking business. It shall be sufficient to authorize the appointment of a receiver, on the application of the attorney general, that the facts set forth in this section shall be made to appear."

It is contended by counsel that by the provision of the constitution under consideration, the original jurisdiction of this court in civil cases is limited to those actions or proceedings in which the state has a monetary interest and that it is accordingly beyond the power of the legislature to confer upon us authority to appoint receivers in cases like this, in which the business is conducted by private parties. In *State v. Commercial Bank*, 28 Neb., 677, it was held that the application for a receiver in the name of the state is a civil case to which the state is a party within the meaning of the constitution, hence was within the jurisdiction of this court.

In view, however, of the importance of the question involved we have examined it anew with an earnest desire to relieve ourselves of the burden imposed upon us by the act in question, if it were possible without a strained or unnatural construction of the constitution. The conclusion we have reached is that the view expressed by the court in *State v. Commercial Bank* is sound and should be adhered to.

The construction suggested by counsel seems to us to be narrow and artificial.   The power of the legislature to prescribe the terms and conditions upon which a corporation or an individual may transact a banking business within this state will not be seriously controverted.   The purpose of the act, viz., to protect depositors and insure solvent banking institutions is not only within the constitutional powers of the legislature, but is certainly a judicious exercise of such power.   The legislature has by this act not only prescribed the conditions upon which any corporation, firm, or individual may engage in the business of banking, but has provided that in case of a violation of its provisions by a failure to comply with the conditions or terms imposed, the state may interfere by means of the agencies provided by law in order to protect those interested and to prevent a diversion of the funds from the purpose to which they should be applied.   Whether the application for a receiver to impound the funds of an insolvent bank, is addressed to this court or the district court the effect is the same.   It is an exercise of the sovereign power of the state for a purpose and in a manner plainly provided by law.   It is suggested by counsel that the statute does not provide that the proceeding shall be in the name of the state.   True, it is not in express terms provided that the state of Nebraska shall be the plaintiff, or that the application shall be on the relation of the state.   The omission, however, is in our judgment unimportant.   Whatever may be the form of the proceedings or title adopted, it is the action of the state.   The attorney general in making the application is obeying an imperative command of the statute.   He is manifestly the representative of the state as effectually for all purposes as in a civil action to recover money due the state.   The cases cited by counsel making the objection have not materially assisted us, since the constitutions under construction appear to be essentially different from ours.   We have examined the constitutional

provisions of most of the states from which cases are cited and find no provision similar to the language used in ours, viz., "in civil cases in which the state shall be a party." For instance, the constitution of Illinois, section 2, article 6, under which *McGrath v. People*, 100 Ill., 464, was decided, is as follows: "The supreme court shall have original jurisdiction in cases relating to the revenue, *mandamus, habeas corpus*, and appellate jurisdiction in all other cases." We think that an application by the attorney general for the appointment of a receiver of an insolvent bank is a civil case and that the state is a party thereto within the meaning of the constitution. The objection to the jurisdiction of the court is accordingly

OVERRULED.

THE other judges concur.