## STATE OF NEBRASKA v. STATE BANK OF WAHOO.

### FILED APRIL 17, 1894. No. 5962.

Creditors' Bill: ACTION BY STATE: JURISDICTION: PARTIES:
RECEIVERS OF STATE BANKS. On a petition in this court by
the receiver of an insolvent state bank for an order requiring
Charlotte M. Dickinson and Harriet E. Adams (not theretofore
parties to the proceeding) to show cause why a half interest in
an electric light plant, which had been conveyed to them by W.
H. Dickinson, Sr., the *quondam* proprietor of said bank, should
not be converted into assets of said bank, issues were joined and
tried to a referee, to whose findings of fact and conclusions of
law exceptions were filed by the receiver, upon consideration
whereof there are approved and confirmed the following con-
clusions of said referee: 1. That the state is not a proper party
to bring the action in the nature of a creditor's bill to determine
the *bona fides* of the conveyances of said one-half of said elec-
tric light plant from said W. H. Dickinson, Sr., to said Char-
lotte M. Dickinson and Harriet E. Adams. 2. That said action
should be brought in the name of the receiver of said bank, and
that this (the supreme) court has not original jurisdiction of such
action.

ORIGINAL action to wind up the affairs of the state bank
of Wahoo, Nebraska, under the banking law of 1889.

The receiver appointed by the court filed a petition for
an order requiring W. H. Dickinson, Sr., and others to
answer and show cause why the undivided one-half inter-
est in the Wahoo Electric Light Company should not be
converted into assets of the bank. *Petition dismissed.*

*George H. Hastings, Attorney General,* and *Good & Good,* for receiver.

*Pound & Burr, W. J. Courtright, V. L. Hawthorne, H. Gilkeson,* and *Reese & Gilkeson, contra.*

RYAN, C.

Under the provisions of section 14, chapter 37, Laws of 1889, C. B. Campbell was by this court appointed receiver of the State Bank of Wahoo. Subsequently a petition was by the receiver pre-ented for an order requiring W. H. Dickinson, Sr., W. H. Dickinson, Jr., Charlotte M. Dickinson, and Harriet E. Adams to answer and show cause why the undivided one-half interest in the Wahoo Electric Light Company should not be converted into assets of said State Bank. Issues were joined, which presented the question of the *bona fides* of the interests held by the above Dickinsons and Harriet E. Adams in the electric light plant, and their right to protection as against the creditors of the aforesaid bank. The issues were referred to W. H. Munger, Esq , to whose report exceptions have been filed on behalf of the receiver, who was unsuccessful before the said referee. Specifically the correctness of the following conclusions of law was questioned by the aforesaid exceptions:

"I find first—That the state is not a proper party to bring the action in the nature of a creditor's bill to determine the *bona fides* of the conveyance of said one-half of said electric light plant from said W. H. Dickinson, Sr., to said Charlotte M. Dickinson and Harriet E. Adams. Second—That said action should be brought in the name of the receiver of said State Bank of Wahoo, and that this court has not original jurisdiction of such action."

In support of exceptions to these conclusions counsel for the referee cite *State v. Commercial State Bank,* 28 Neb., 677, *State v. Exchange Bank of Milligan,* 34 Neb., 198,

and *State v. Commercial and Savings Bank of Kearney*, 37 Neb., 174. The case last cited has no bearing upon the question of jurisdiction in a case like that under consideration. The order made in that case was not one affecting title to either real or personal property, it was simply one requiring parties to the original case to turn over to the receiver the value of property misappropriated and destroyed by one of the defendants, who was an officer of the bank being administered upon, under penalty of being held liable for contempt of the orders of this court. There was therein no proceedings having any analogy to proceedings by creditor's bill, hence it affords no precedent for the relief sought in this case. In *State v. Commercial State Bank*, 28 Neb., 677, the only proposition presented was the power of this court to appoint a receiver, and to order the bank concerned to turn over to its receiver, so appointed, its assets, and to direct such receiver to wind up the affairs of the bank as required by law. It was held that the statute conferring upon this court power to appoint a receiver, under the circumstances therein contemplated, was not unconstitutional. A reference to the case of *State v. Exchange Bank of Milligan*, 34 Neb., 198, will show that Judge POST prefaced his opinion with the statement that the sole question presented was as to the constitutionality of section 14, chapter 8 of the Compiled Statutes, which was but another designation for section 14, chapter 37, Laws of 1889. There is in neither of these cases any warrant for the assumption that this court has jurisdiction to subject real property fraudulently conveyed to the payment of claims against an insolvent bank for which this court has appointed a receiver. It is a matter of grave doubt whether or not this court should at all have assumed jurisdiction to wind up the affairs of an insolvent bank. Probably it would have been better in the first instance to have declined functions which with more efficiency, expedition, and economy might have been performed by the district courts of the respective

counties in each of which the winding up of the affairs of an insolvent bank became necessary. It is at least undesirable, as well as unwarranted by the constitution, to extend the exercise of judicial powers beyond their present scope. The conclusions of law quoted above were correct, and the exceptions thereto are, therefore, overruled. This result leaves no alternative but the confirmation of the report of the referee, which is accordingly ordered.

JUDGMENT ACCORDINGLY.