THE PEOPLE, on the relation of Ransom, *vs.* ONONDAGA C. P.

MOTION for a mandamus. A judgment was obtained in the Onondaga common pleas against the relator for $1000 in an action of *tort*. The plaintiff issued an execution setting forth the judgment correctly, but directing the levy of only $800. The amount directed to be levied was collected, and then the plaintiff issued a second execution directing the levy of the remaining $200; to set aside which execution, a motion was made to the Onondaga C. P., who refused the application. A mandamus was now asked for, directing the C. P. to vacate their rule denying the motion, and to grant the application of the relator.

<div style="float: right; width: 30%">

A plaintiff issuing an execution, and directing an amount less than the whole sum to which he is entitled to be levied, cannot subsequently issue another execution for the balance.

</div>

*By the Court*, SAVAGE, Ch. J. An execution is an entire thing. If a plaintiff in a judgment issues an execution, and directs an amount less than the whole sum to which he is entitled to be levied, he cannot subsequently issue another execution for the balance. It cannot be permitted that a defendant should thus be harrassed by repeated executions. The common pleas erred in denying the motion of the relator, wherefore, let an alternative mandamus issue.