Scudder Todd, Respondent, v. Henry J. Botchford, Appellant.

Under the Code of Civil Procedure (§ 1368) where an execution omits to give directions as to the collection of interest, it is properly satisfied when the amount of the judgment is collected.

So also, the judgment creditor having chosen not to assert the right given him to collect interest, cannot issue another execution after satisfaction of the first.

It *seems* that where a sheriff, without collecting the full amount required by the mandate of an execution, returns the same satisfied, and an entry to that effect is made upon the docket, the remedy of the party is by motion to vacate the return and have the entry modified, or by suit for compensation.

(Submitted October 25, 1881 ; decided October 28, 1881.)

Appeal from order of the General Term of the Supreme Court, in the fourth judicial department, made April 14, 1881, which reversed an order denying a motion on behalf of the plaintiff to set aside a second execution issued in this action. The General Term order also granted the motion.

The action was for a tort. The defendant succeeded and perfected judgment for his costs, upon which execution was issued. This having been returned unsatisfied, an execution against the body of plaintiff was issued. It specified the

amount due on the judgment, *i. e.*, its face, but did not "specify a day from which interest on the sum due is to be collected" as authorized by the Code of Civil Procedure, and contained no directions as to interest. Plaintiff was arrested under the execution, and thereafter paid to the sheriff the face of the judgment as specified in the execution, together with sheriff's fees, and was thereupon discharged from custody. The sheriff returned the execution satisfied, and the judgment was marked satisfied on the docket in the clerk's office. Defendant thereupon issued a second execution against the body, which stated as the amount due the unpaid interest.

*Walter Ballou* for appellant.

*C. D. Adams* for respondent. As the execution did not direct interest to be collected it was satisfied when the amount of the judgment was collected. (2 R. S. [5th ed.] 641, §§ 25, 26; 2 R. S. 364, § 9; Graham's Pr. [2d ed.] 360; 3 R. S. [5th ed.] 643, § 9; New Code, § 1368; 4 Hill, 619; *People, ex rel. Ransom,* v. *Onondaga C. P.,* 3 Wend. 331.)

Danforth, J. The appellant argues that as the first execution commanded the sheriff to collect the judgment, it was his duty to compute interest upon it and enforce payment of the aggregate. If this is so, there was on his part a neglect of duty, to be corrected by motion to vacate his return, and have the entry upon the docket modified; or if necessary, by suit, for compensation. But we think the plaintiff is in error. At common law a judgment bore no interest. By the Revised Statutes (vol. 2, p. 364, § 9), enacted in 1830, it was made lawful to direct, upon execution issued for the enforcement of a judgment rendered upon any contract, the collection of interest on the amount recovered. By Laws of 1844 (Chap. 324), it was declared that every judgment should bear interest from the time of perfecting the same, but it was still necessary, if its collection was desired, to indorse directions upon the execution to that effect. By the terms of the law in

force when the plaintiff's execution issued (Code of Civil Pro-
cedure, § 1368), an execution "must specify, in the body
thereof, the sum recovered or directed to be paid, and the sum
actually due when it is issued," and "may specify a day from
which interest upon the sum due is to be computed." "In
which case," the statute says, "the sheriff must collect inter-
est accordingly, until the sum is paid." The execution issued
by the plaintiff contained no such direction, and was properly
satisfied when the amount of the judgment was collected
according to its mandate. The plaintiff chose not to assert
the right given to him, and cannot be permitted to trouble
the defendant with a second execution. This was settled in
the case of *The People, ex rel. Ransom*, v. *Onondaga C. P.*
(3 Wend. 331), and the rule has not since been questioned.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed