CHARLES WEISS ET AL. v. FITZWILLIAM H. CHAMBERS, A JUDGE OF THE WAYNE CIRCUIT COURT.

*Execution against surety on appeal bond.*

Until taxation of costs an execution does not become "legally issuable" within the meaning of Comp. L., § 5462, which forbids a levy on the property of the surety on the appeal bond unless the execution is issued within thirty days from the time when it shall be "legally issuable."

Mandamus. Motion submitted Jan. 17. Granted Feb. 27.

*Seth E. Engle* for relators. Taxation of costs is a step in completing judgment: *Taylor v. Dansby* 42 Mich. 82; *Chappee v. Thomas* 5 Mich. 53; costs are as much an element of a judgment as damages: *Van Valkenburgh v. Harris* 3 Den. 162; taxation of costs precedes execution: 1 Green Pr. 290; 1 Burr. Pr. 264; in Massachusetts execution could not issue until an appeal from the taxation was decided: *Winslow v. Hathaway* 1 Pick. 214; in New York the mode of perfecting judgment is to make up the record, tax

the costs, insert them, and sign and file the record: 1 Bur. Pr. 263; and being so perfected, execution issues: id. 283, 285; *Barrie v. Dana* 20 Johns. 307; but if issued before costs are taxed and judgment perfected, it is irregular and will be set aside: 1 Bur. Pr. 290; *Marvin v. Herrick* 5 Wend. 109; *Walters v. Sykes* 22 Wend. 566; when by statute appeal must be taken within thirty days from entry of judgment, it will not be deemed entered until the costs are taxed: *Bentley v. Jones* 4 How. Pr. 336; *McMahon v. Harrison* 5 How. Pr. 360; *Sherman v. Wells* 14 How. Pr. 526; under the New York code notice of judgment, given before the costs were taxed was premature and did not affect the time for appeal, and the costs being finally adjusted, the thirty days allowed for appeal did not till then begin to run: *Thurber v. Chambers* 60 N. Y. 29; *Teall v. Van Wick* 10 Barb. 376; where judgment was amended as to the amount and judgment was for the penalty of a bond to be released on payment of a smaller sum, time for appeal did not begin to run in the one case, nor could execution issue in the other till the amounts were ascertained: *Smith v. Evans* 1 Abb. New Cas. 397; *Fitzhugh v. Blake* 2 Cr. C. C. 37.

*Douglas, Bowen & Douglas* for respondent. Execution is issuable immediately on rendition of judgment: Comp. L. § 6079; 1 Green's Pr. 306; Tidd's Pr. 994; 2 Dunlap's Pr. 778; *Gibson v. Bay County* 14 Mich. 169; *Detroit Savings Bank v. Burrows* 34 Mich. 153; Freeman on Executions 25; Herm. Executions 58; costs relate back to the judgment when taxed: *Saunders v. Tioga Mfg. Co.* 27 Mich. 520.

MARSTON, J. The relators in justice's court recovered a judgment against Sylvester S. Jackson, who appealed therefrom to the circuit court, where on the 14th day of August, 1882, judgment was rendered against him and the surety on the appeal bond. On the 26th day of August costs were duly taxed, and on the 23d day of September thereafter execution was issued upon the judgment and delivered to

the sheriff. On the 28th day of September, the surety, one of the execution defendants, moved the court for an order restraining the sheriff from levying said execution on his property because not issued within thirty days from the time when the same was legally issuable under the statute. The motion was granted and the proper construction of Comp. L., § 5462, is the only question presented.

The statute applicable provides that no execution issued upon such a judgment shall be levied upon the property of the surety, unless such execution, if issued in the circuit court, is issued within thirty days from the time when the same shall be "legally issuable."

The respondent claims that this means thirty days from the rendition of the judgment, or as costs could be taxed within four days thereafter, then within thirty days from that date.

The statute providing for appeals from justice's court requires a bond to be given, conditioned, among other things, that the appellant, if a judgment be rendered against him, will pay the amount of such judgment, including all costs, with interest thereon. 2 Comp. L., § 5433.

The evident intent of this section was to secure to the appellee, if successful in the circuit court, payment of the judgment and also the costs, and the several provisions touching this matter should be so construed as to give effect to such intention if practicable. Unless imperative the statute should not be construed in a way to require the appellee to forego the collection of his costs, nor to be under the necessity of issuing two executions, if this were allowable, and then upon the second to be able to reach the property of the appellant only.

It is well known that there may be considerable delay in the taxation of costs, and this without any fault whatever of the appellee, and that it is but seldom indeed in practice that the costs are taxed within the four or five days after rendition of the judgment. It should not be in the power of the appellant or his surety, by postponing the date of

taxation, to deprive the appellee of a remedy for the collection thereof.

In like manner there may be a stay of execution at the instance of the appellant to enable him to move for a new trial or for some other reason, and this, especially during the last days of a term, and in some counties, may extend to weeks or months.

In all such cases if the construction contended for by respondent is correct, the surety would be discharged. We are of opinion that it was in view of such considerations that the time was fixed to run after execution was "legally issuable," and not from the time of rendition of the judgment as in other cases.

Many sections of the statute are referred to by counsel for relators in his brief, where the term "entry of judgment" or "rendering of judgment" or some equivalent equally clear is used, and it is not necessary to repeat the same herein.

It was however urged that the appellee under this construction could so delay taxation of costs, that the appellant might in many cases become insolvent and thus the surety be injured without remedy. We think there need be no apprehension in this direction. Unreasonable delay to the prejudice of the surety would upon common-law principles protect him.

We are of opinion that the property of the surety was subject to levy in this case, and that the writ prayed for must issue, with costs against the principal respondent, the surety.

Cooley, J. concurred

Graves, C. J. did not sit in this case.