# MATTER OF DAWSON.

*N. Y. Supreme Court, First District, Chambers ; November, 1887. Again, First Department, General Term; January, 1888.*

1. *Remedy for false return ; motion.*] Where an execution has been in fact satisfied out of the debtor's property, but the officer has returned the execution unsatisfied, he is entitled to a remedy by motion to compel a return in accordance with the facts ; he is not compelled to resort to an action.

2. *Execution ; moneys attached applied in satisfaction, though converted by sheriff.*] Where the sheriff, by virtue of an attachment, actually takes possession of moneys sufficient to satisfy the judgment subse-

quently recovered, the judgment and execution are to be deemed satisfied, though the sheriff misappropriates the money, and the creditor receives no part thereof. The creditor's remedy is only against the sheriff.* .

I. *November,* 1887.

Motion to vacate return of execution, and to compel a true return, and entry of satisfaction of judgment.

In an action brought by John W. Wilson and another against Ernest L. Dawson, individually and as surviving partner of the J. M. Dawson Packing Company, a non-resident partnership, an attachment was issued on the ground of the defendant's non-residence. By virtue of this attachment, the sheriff of the city and county of New York levied upon certain claims of said firm, and, under an order of court, received from the debtors of the firm the sum of $2,316.48.

Judgment having been recovered by the plaintiffs in the action, execution was issued and placed in the hands of the sheriff, who subsequently made a return of "no real or personal property." Thereafter, the plaintiffs began an action on the judgment in the State where the firm was located, and subsequently began supplementary proceedings in this State under the judgment, for the purpose of reaching defendant's property in satisfaction of the judgment.

The defendant Dawson now made this motion to vacate the sheriff's return, and to compel him or his deputy to make a return in accordance with the facts.

It appeared that the sheriff had embezzled the moneys attached, and absconded, and that the liability of his bondsmen had been exhausted by other claimants; and the question involved was whether the plaintiffs or the defendant should bear the loss.

---

* See Code Civ. Pro. §§ 706, 708, 1370.

*Robert S. Rudd*, for the defendant and the motion.

*Henry D. Hotchkiss*, for the plaintiff, opposed.

BARRETT, J.—This is a motion by the defendant on an execution to require the late sheriff Davidson or his authorized deputy to make a return in accordance with the facts.

This motion is the defendant's proper remedy. If he has paid the judgment he is entitled to a statement of the truth upon the returned execution. A plaintiff may, in certain cases, be required to bring an action for a false return, but even he could by motion compel a sheriff with the money actually in his hands to make a truthful return (see Todd *v.* Botchford, 86 *N. Y.* 517 · *Smith on Sheriffs*, p. 408, and cases cited).

The purpose of the motion is to obtain a ruling as to whether the creditor or the debtor must lose moneys in the late sheriff's hands under an attachment, which moneys such late sheriff is said to have converted to his own use. If these moneys had been realized upon an execution there would be no question, under the cases, that the loss would be the creditor's. "The judgment is satisfied,' said BRONSON, J., in People *v.* Hopson (1 *Den.* 574), " when the execution has been so used as to change the title or in some other way deprive the debtor of his property. This includes the case of a levy and sale ; and also the case of a loss or destruction of the goods after they had been taken out of the debtor's possession by virtue of the process. When the property is lost to the debtor in consequence of the legal measures which the creditor has pursued, the debt is gone, although the creditor may not have been paid. He must take his remedy against the officer, if he has been in fault; and if there be no such remedy, the creditor must bear the loss." And in Peck *v.* Tiffany (2 *N. Y.* 451, 456), it was said that where " a sheriff levies upon sufficient property, and

through his negligence or misconduct it is lost, destroyed or otherwise disposed of, so that the defendant is deprived of the benefit of it, there is no doubt it should be regarded as a satisfaction of the execution, and the plaintiff must in such case seek his remedy against the sheriff."

These rules are equally applicable, so far as the question of remedy is concerned, to the case of moneys actually reduced to possession under an attachment, and in contemplation of law in the hands of the sheriff when the execution is issued. It is true that the debt is not satisfied by the reduction of such moneys to possession under the attachment. They are, in fact, held as security for the subsequent judgment if obtained. But the rule does not depend exclusively upon the satisfaction of the debt. It is that the debtor's property has been actually lost to him in consequence of the legal measures which the creditor has pursued. In other words, his property (reduced to money) is actually taken possession of by the sheriff under the attachment, and is still in the hands of that sheriff unapplied as specially directed by the Code, and the process issued pursuant to the Code.

This is a very different case, therefore, from McBride v. Farmers' Branch Bank (7 *Abb. Pr.* 347), where the sheriff never had the moneys in his actual possession, but merely levied the attachment upon moneys in a trust company. The trust company having failed between the levy and the judgment, the court held that the debtor was the loser. There, the debtor's claim against the trust company was not lost to him by the attachment, but by the delay caused by his fruitless defense.

Several other cases are cited, but in none of them had the debtor's property in the form of money been actually taken into the custody of the sheriff under the attachment. Under the latter state of facts, the sheriff, having the moneys in his hands, as the law presumes, is required "to pay them over to the plaintiff" in the execution (Code Civ. Pro. § 708, subd. 1). If he fails to do so, the plaintiff

must exhaust the law against him and his bondsmen. If he still fails, the plaintiff loses his claim. The law has given him an execution to be satisfied "out of the personal property attached." It has given him no more.

The defendant is entitled to the application of the moneys taken from him by the law as invoked by plaintiff, and he cannot be required to pay the debt twice over merely because the plaintiff cannot induce or compel the officer of the law who holds his moneys to pay them over as required by the Code and the execution.

The motion should be granted, but without costs.

II. *January*, 1888.

The order entered pursuant to the foregoing decision, provided for a stay of proceedings thereunder, upon the plaintiff's stipulating to suspend the proceedings supplementary to execution, and the action brought on the judgment.

The plaintiffs appealed from this order, and the General Term (VAN BRUNT, P. J., BRADY and DANIELS, JJ.), affirmed the order, with $10 costs and disbursements, on the opinion of BARRETT, J., below.