Bank of Sheboygan vs. Trilling.

BANK OF SHEBOYGAN, Respondent, vs. TRILLING, Appellant.

*October 23 — November 5, 1889.*

*Alias execution: Amount not included in original: Excessive fees.*

1. An execution was issued in form for the entire amount of a judgment, but the plaintiff's attorneys indorsed thereon a direction to the sheriff to collect the judgment less $1,000, which it was supposed was secured by mortgage and would be included in a subsequent foreclosure judgment against the same defendant. The execution was returned unsatisfied as to a part of the sum so directed to be collected. Said $1,000 was not included in the foreclosure judgment, but it was therein adjudged "that the plaintiff have the right to enforce any claim for the same, so far as said former judgment is unsatisfied." *Held,* that an *alias* execution on the former judgment was properly issued.
2. The fact that the sheriff retained too large a sum for his fees and the expenses of levy and sale under the original execution, is not a ground for setting aside an *alias* execution.

APPEAL from the Circuit Court for *Sheboygan* County. The facts will sufficiently appear in the opinion.

For the appellant there were briefs by *Runge & Denison*, attorneys, and *G. W. Foster*, of counsel, and oral argument by *Mr. Foster*.

For the respondent there was a brief by *Seaman & Williams*, and oral argument by *W. H. Seaman*.

ORTON, J. This is an appeal from an order of the circuit court denying the motion of the defendant to set aside an order of the court commissioner refusing to set aside an *alias* execution issued upon the judgment in the action. The facts of record and otherwise are as follows:

The judgment in the action was rendered on the 14th day of February, 1887, on several causes of action, for the sum of $3,742.13 damages and costs. One of the causes of action was a note for $1,000, dated December 29, 1880, payable on demand at ten per cent. interest, which was also a part of the sum of $5,000 which the defendant had secured by a mortgage, and it was afterwards agreed that said $1,000 should, *pro forma*, be credited upon the mortgage, and stand charged as a running account against the defendant, and it thus became a part of the said judgment. In the foreclosure suit on said mortgage, these facts appearing, the $1,000 was credited upon the mortgage, and judgment rendered for the balance of said $5,000, and it was adjudged in said suit "that the plaintiff have the right to enforce any claim for the same, so far as the said former judgment of said plaintiff against said defendant, *August Trilling*, is unsatisfied." In the mean time an execution had issued on said judgment, and property had been sold thereon which satisfied the judgment, less the said $1,000 and interest, and the sum of $648.91. The execution in form was for the entire judgment, but, by direction of the attorneys of the plaintiff indorsed thereon, the sheriff was

to levy and collect said judgment less said $1,000 and interest, which it was then supposed would be a part of said judgment of foreclosure.

In direct connection with these last stated facts the principal ground alleged for setting aside the *alias* execution may be considered, and that is that the *alias* execution could not lawfully issue for that part of the judgment thus excluded from the levy of the first execution by the direction of the plaintiff. It will be observed that the first execution, on its face, was for the whole judgment. There was a mere direction to the sheriff not to levy and collect this $1,000 as a part of it; but, treating it as an execution for only part of the judgment, then we do not understand the learned counsel of the appellant to claim that an *alias* execution might not issue for the remainder by the order of the court; for he cites the case of *People ex rel. Hempsted v. Chautauque*, 1 Wend. 73, in which it is held that such an execution cannot issue as of course or without an order of the court, and such appears to be the rule. 4 Wait's Pr. 32. The reason why such an *alias* execution should not issue as of course is stated in another case cited by the learned counsel, of *People ex rel. Ransom v. Onondaga*, 3 Wend. 331, that a defendant ought not to be harassed by repeated executions. The authority of *Todd v. Botchford*, 86 N. Y. 517, rests upon the above cases. The reason of the rule above stated is wanting in this case, because an *alias* execution was necessary for the collection of the $648.91,— the balance not made upon the first execution, irrespective of the $1,000. The expense to the defendant would be no more than if the $1,000 had been included in the first levy, for the balance would then have been for this also. In other words, if the $1,000 had not been excluded from the first levy, it would have remained unsatisfied, the same as the above deficit of $648.91, and an *alias* execution would have been necessary for the collec-

tion of both.   But if an order of the court was necessary, we have seen that the court did so order in the case between the same parties for the foreclosure of the mortgage.

Another ground of the motion was that the execution of the plaintiff ought not to have been deferred to other executions in the hands of the sheriff, which were fully satisfied.   According to the evidence, the executions were levied in the order of time in which they came into the hands of the sheriff, and no unlawful preference was made.

The only other ground for setting aside the *alias* execution was that the sheriff retained too large a sum for his fees and expenses of levy and sale.   This matter can be adjusted only between the plaintiff and the sheriff by motion, on which the sheriff has the right to be heard.   It is immaterial to the defendant.

All the other grounds of the motion were disposed of on the motion to set aside the first execution, by an order of the court dated October 7, 1887, from which no appeal has been taken.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.