GERMAN NATIONAL BANK OF HASTINGS, APPELLEE, V. FIRST NATIONAL BANK OF HASTINGS, APPELLANT, ET AL.

FILED SEPTEMBER 21, 1899.  No. 10,645.

1. **Action to Recover Assets of Debtor.** A suit by a judgment creditor under section 532, Code of Civil Procedure, to recover assets of his debtor not reachable by execution, can be maintained only where the debtor had himself an actionable demand at the time the suit was instituted.

2. **Agent's Unauthorized Sale of Corporate Property:** RATIFICATION. A sale of corporate assets, made by an agent in excess of his authority, will be, ordinarily, ratified by the acts of the corporation in dealing with the purchaser as the owner of the property.

3. ———: RATIFICATION: DIRECTORS. The sale of corporate property and the disposition of the proceeds thereof, being distinct acts, a director may be qualified to vote upon a proposition to ratify the sale, although disqualified from voting upon a question affecting the application of the purchase-money.

4. ———: ———: EVIDENCE. Ratification of the unauthorized act of a corporate officer may be inferred from silence, inaction and other circumstances indicating acquiescence and consent.

5. **Review:** QUESTIONS NOT RAISED BELOW: ATTORNEYS. The authority of counsel to file a pleading for one of the parties to an action can not be first raised in this court.

6. **Corporations:** UNAUTHORIZED ACTS OF AGENT: RATIFICATION. The rule that when a principal, with knowledge of all the facts, adopts or acquiesces in acts done by his agent in excess of his authority, he can not afterwards disavow such acts, applies to corporations as well as to natural persons.

7. **Contracts:** RATIFICATION. A principal will not be permitted to ac-

cept and confirm so much of a contract as may be beneficial to
him, and reject the remainder.

8. ——: RIGHTS OF PARTIES: EQUITY: TRUSTS. Equity will not lend
its aid to one who, in violation of an agreement, seeks to appro-
priate to his own use property which, according to the agree-
ment, should be distributed among all the parties thereto.

9. Trusts: ENFORCEMENT OF JUDGMENT. One holding a judgment as
the trustee of an express trust is entitled to enforce it, for the
beneficial owners, according to the terms of the trust.

10. Judgments: SEPARATE INTERESTS OF PLAINTIFFS: EXECUTIONS. It
would seem that a judgment can not be enforced piece-meal by
each of the owners, whose claims have been merged therein, is-
suing an execution for the collection of his part.

APPEAL from the district court of Adams county.
Heard below before BEALL, J.   *Reversed and dismissed.*

The opinion contains a statement of the case.

*J. B. Cessna* and *Capps & Stevens,* for appellant:

One of many creditors of an insolvent corporation can
not sue alone to recover corporate assets wrongfully con-
verted by defendants, without alleging that the corpora-
tion refused to sue.  The corporation must be a party
plaintiff.  See *Davenport v. Dows,* 85 U. S., 626; *McMullen
v. Ritchie,* 64 Fed. Rep., 253; *Hawes v. Oakland,* 104 U. S.,
450; *O'Conner Mining & Mfg. Co. v. Coosa Furnace Co.,* 10
So. Rep. [Ala.], 290; *Doud v. Wisconsin P. & S. R. Co.,* 25
N. W. Rep. [Wis.], 533; *Patterson v. Lynde,* 106 U. S., 520;
*Moulton v. Connell,* 27 S. W. Rep. [Tenn.], 672; *Hornor v.
Henning,* 93 U. S., 231; *Stone v. Chisolm,* 113 U. S., 302;
*Pollard v. Bailey,* 20 Wall. [U. S.], 520; *Dimpfell v. Ohio
& M. R. Co.,* 110 U. S., 209; *City of Detroit v. Dean,* 106
U. S., 541; *Bill v. Western Union Telegraph Co.,* 16 Fed.
Rep., 14.

The petition, not showing that suit was brought in
behalf of plaintiff and all other creditors of the corpora-
tion, fails to state a cause of action.  See *Pullman v. Steb-
bins,* 51 Fed. Rep., 10; *Hornor v. Henning,* 93 U. S., 228;
*Stone v. Chisolm,* 113 U. S., 309; *Childs v. Carlstein,* 76 Fed.

Rep., 86; *Crease v. Babcock,* 10 Met. [Mass.], 525; *Cleveland Rolling Mill Co. v. Texas & S. L. R. Co.,* 27 Fed. Rep., 250; *Hollings v. Brierfield Coal & Iron Co.,* 150 U. S., 371; *Day v. Buckingham,* 58 N. W. Rep. [Wis.], 254; *Sleeper v. Goodwin,* 31 N. W. Rep. [Wis.], 335; *Cooper v. Adel Security Co.,* 30 S. E. Rep. [N. Car.], 348; *Bethune v. Wells,* 21 S. E. Rep. [Ga.], 230; *Swan Land & Cattle Co. v. Frank,* 148 U. S., 605; *Van Pelt v. Gardner,* 54 Nebr., 701; *Farmers Loan & Trust Co. v. Funk,* 49 Nebr., 353; *Smith v. Hurd,* 12 Met. [Mass.], 371; *National Exchange Bank v. Peters,* 44 Fed. Rep., 13; *Howe v. Barney,* 45 Fed. Rep., 668; *Craig v. Gregg,* 83 Pa. St., 19; *Evans v. Brandon,* 53 Tex., 56; *Allen v. Curtis,* 26 Conn., 455; *Brinckerhoff v. Bostwick,* 88 N. Y., 52; *Davenport v. Dows,* 18 Wall. [U. S.], 626; *Wallace v. Lincoln Savings Bank,* 15 S. W. Rep. [Tenn.], 448.

All defendants in a judgment are necessary parties to a proceeding thereon. Where a judgment has been assigned, the assignee is a necessary party to a suit in equity to enforce the judgment as against assets belonging to defendant. Plaintiff, one of many *cestuis que trust,* can not split a joint judgment, and enforce action for his benefit, without making the trustee and joint beneficiaries parties. See *Curtin v. Atkinson,* 29 Nebr., 612; *Andres v. Kridler,* 42 Nebr., 784; *Grain v. Aldrich,* 38 Cal., 514; *Gibson v. Cooke,* 20 Pick. [Mass.], 15; *Dean v. Chandler,* 44 Mo. App., 338; *Wayman v. Cochrane,* 35 Ill., 111; *Wann v. McNulty,* 2 Gil. [Ill.], 355; *Burditt v. Porter,* 21 Atl. Rep. [Vt.], 955; *Sammis v. Wightman,* 12 So. Rep. [Fla.], 536; *Chew v. Brimagen,* 13 Wall. [U. S.], 497; *Heavenridge v. Mondy,* 34 Ind., 28; *Varney v. Bartlett,* 5 Wis., 276; *Hobson v. McCambridge,* 22 N. E. Rep. [Ill.], 823; *McCormick v. Fulton,* 19 Ill., 570; *Atkinson v. Foster,* 25 N. E. Rep. [Ill.], 528; *Triplett v. Scott,* 12 Ill., 137; *Wilson v. Keisel,* 35 Pac. Rep. [Utah], 491.

Plaintiff's execution issued for part of the Slaker judgment was void. See *Bain v. Chrisman,* 27 Mo., 293; *Hunt v. Loucks,* 38 Cal., 372.

Directors of a corporation may ratify an act without

taking a formal vote. See *Allis v. Jones*, 45 Fed. Rep., 148; *Scofield v. Parlin*, 61 Fed. Rep., 804; *Murray v. Nelson Lumber Co.*, 143 Mass.; 250; *First Nat. Bank of Springfield v. Fricke*, 75 Mo., 178; *Beach v. Miller*, 22 N. E. Rep. [Ill.], 464.

Ratification may be assumed from absence of dissent. A corporation may ratify acts of its agents, and ratification may be inferred from informal acquiescence in such acts. See *Follansbe v. Kilbreth*, 17 Ill., 522; *Twin-Lick Oil Co. v. Marbury*, 91 U. S., 587; *Jessup v. Illinois C. R. Co.*, 43 Fed. Rep., 483; *Paige v. Fazackerly*, 36 Barb. [N. Y.], 392; *Currie v. Bowman*, 35 Pac. Rep. [Ore.], 848.

A principal can not ratify a portion of a contract, and reject the remainder. See *Gow v. Collin*, 66 N. W. Rep. [Mich.], 676; *Nelson v. Bevins*, 14 Nebr., 153., *McKeighan v. Hopkins*, 19 Nebr., 33; *Joslin v. Miller*, 14 Nebr., 91; *Tooker v. Sloan*, 30 N. J. Eq., 394; *Baer v. Lichten*, 24 Ill. App., 311; *Clark v. Hyatt*, 23 N. E. Rep. [N. Y.], 891.

*A. M. Post*, also for appellant:

Plaintiff, when suing as a creditor or stockholder for the enforcement of a corporate right, is required to state with particularity the efforts made by him to induce the desired action by the managing board, and to show that he exhausted available means to secure redress through the agency of the corporation itself. See *Doud v. Wisconsin P. & S. R. Co.*, 25 N. W. Rep. [Wis.], 533; *Brewer v. Boston Theatre*, 104 Mass., 378; *Dunphy v. Travelers' Newspaper Ass'n*, 146 Mass., 495; *Boyd v. Sims*, 11 S. W. Rep. [Tenn.], 948.

Plaintiff's claim, with those of other creditors, had been merged in the judgment in favor of Slaker, who is a necessary plaintiff in a suit in equity to enforce the judgment in the interest of creditors. See *Minnesota Thresher Mfg. Co. v. Heipler*, 52 N. W. Rep. [Minn.], 33; *Allen v. Brown*, 44 N. Y., 228.

Although Slaker might have prosecuted a suit for an accounting without the presence of parties beneficially

interested in the judgment, the right in that regard is not reciprocal, since to a suit by one of the judgment creditors for an accounting all parties interested therein are necessary parties plaintiff, unless, of course, they refuse to join as such, in which they may be defendants, the reason therefor being stated in the petition.   See *Keeler v. Keeler*, 11 N. J. Eq., 458; *Gregory v. Stetson*, 133 U. S., 579.

Ratification, although in practice generally established by proof of an estoppel, operates retroactively, and being equivalent to authority in the first instance is provable even under the general allegation of a contract duly executed by an agent or trustee, and need not be specially pleaded.   See *Bigler v. Baker*, 40 Nebr., 325; *Hoyt v. Thompson*, 19 N. Y., 207; *Hubbard v. Town of Williamstown*, 61 Wis., 397; *Long v. Osborn*, 59 N. W. Rep. [Ia.], 14; *Hoosac Mining & Milling Co. v. Donat*, 16 Pac. Rep. [Colo.], 157.

*Tibbets Bros. & Morey* and *Frank Irvine, contra:*

Plaintiff properly sued in its own behalf.   See *Hoagland v. Van Etten*, 22 Nebr., 681; *Tatum v. Rosenthal*, 30 Pac. Rep. [Cal.], 137; 5 Ency. Pl. & Pr., 534.

The suit need not be brought by the corporation, nor need the petition show that the corporation refused to act.   See *Hudson v. Plets*, 11 Paige [N. Y.], 180; *City of Cincinnati v. Hafer*, 49 O. St., 60.

Misjoinder or defect of parties was waived, and objection otherwise invalid.   See *Culbertson Irrigating & Water Power Co. v. Wildman*, 45 Nebr., 663; *Beeler v. First Nat. Bank*, 34 Nebr., 348; *Stephens v. Harding*, 48 Nebr., 659; *Mills v. Miller*, 2 Nebr., 299; *Lederer v. Union Savings Bank*, 52 Nebr., 133; *Pottinger v. Garrison*, 3 Nebr., 221; *Harral v. Gray*, 10 Neb., 186; *Dorrington v. Minnick*, 15 Nebr., 397; *Buck v. Reed*, 27 Nebr., 67; *Phœnix Mutual Life Ins. Co. v. Brown*, 37 Nebr., 705; *Ainsworth v. Taylor*, 53 Nebr., 484; *Troup v. Horbach*, 57 Nebr., 644.

The judgment and execution were a sufficient basis for the suit.   See *Harlan v. Harlan*, 14 Lea [Tenn.], 107;

*Snavely v. Harkrader*, 30 Gratt. [Va.], 487; *McCollum v. Hubbert*, 13 Ala., 282; *Commercial Nat. Bank v. Gibson*, 37 Nebr., 750.

The hardware company did not ratify the sale. See *Butts v. Wood*, 37 N. Y., 317.

SULLIVAN, J.

At a former term a judgment in favor of the First National Bank of Hastings was reversed, and the cause remanded to the district court for further proceedings. See *German Nat. Bank of Hastings v. First Nat. Bank of Hastings*, 55 Nebr., 86. Thereupon the plaintiff filed an amended petition, and brought John Slaker and the Burger-Alexander Hardware Company into the case as parties defendant. The hardware company answered, alleging that it had ratified the sale to Carson Hamot, and had also ratified the application of the proceeds of the sale upon its indebtedness to the defendant bank. The second amended petition was framed on the theory that Clark and Oliver had converted the stock of hardware, and that the appellant was, therefore, liable, either for the value of the property or for the proceeds of the sale. The court found against the First National Bank, and made no finding as to Clark and Oliver. As the bank could not possibly be liable for conversion unless Clark and Oliver were also liable, this action of the court can be accounted for only on the hypothesis that there was a ratification of the sale, but not of the application of the proceeds. The sale to Hamot was an act entirely distinct from the disposition of the purchase price. The directors and stockholders of the hardware company might, of course, have been quite willing to sanction the sale, but unwilling to give the whole sum realized therefrom to a single creditor. It would seem that the learned trial court, having this obvious distinction in mind, found against the plaintiff on the charge of conversion, but nevertheless gave judgment in its favor on the assumption that the sale had been ratified, and that the defend-

ant bank had, without right or authority, became possessed of the vendor's money.   The evidence undoubtedly justifies the conclusion that there was a ratification of the sale, but it is, in our opinion, plainly insufficient to warrant a finding that the payment to appellant was not ratified.   It appears that at the time the Burger-Alexander Hardware Company effected a consolidation with the Denver Hardware Company there was an understanding among the officers of the former corporation that the stock retained in Hastings should be sold at the first favorable opportunity, and the proceeds of the sale applied in liquidation of the company's indebtedness.   It also appears that the sale to Hamot was for a fair price; that the stock was turned over to him without objection from any one; that the directors of the hardware company distinctly recognized the validity of the sale by authorizing, on October 12, 1891, the repurchase of an iron safe which was part of the property sold to Hamot; that the appellant, upon receiving the proceeds of the sale, surrendered notes of the company to the amount of $9,600 and the same were canceled, and new notes given for the balance remaining due; that such balance was consolidated with the claim of the German National Bank and the claims of other creditors; that the company gave a new note to John Slaker for the aggregated amounts; that Slaker, who was cashier of the appellee, executed a writing acknowledging that he held such note in trust, and agreeing to undertake the collection of the same, and to make a *pro rata* distribution of any sums collected; that Slaker afterwards reduced the trust note to judgment, and that the plaintiff, as a basis for this action, caused an execution to be issued thereon for the amount of its claim.   It further appears that the assets of the hardware company were thought to be sufficient to pay its debts until the failure of the Denver Hardware Company rendered the stock of that corporation practically worthless; that appellant's right to the proceeds of the sale to Hamot was not questioned by any officer or stockholder

of the hardware company prior to the bringing of this action, or for a period of about three years.

Let us now consider the legal consequences of the conceded facts. This suit, it must be remembered, is not in the nature of a creditors' bill to recover assets disposed of in fraud of the rights of creditors. It is a suit brought by the plaintiff under section 532 of the Code of Civil Procedure to enforce, for its own benefit, a right of action which it is claimed the Burger-Alexander Hardware Company has against the First National Bank of Hastings, Oswald Oliver and A. L. Clark. The contention of the plaintiff is not that there was a fraudulent transfer of assets to the appellant, but that there was no transfer at all, and that the hardware company might therefore sue for the value of the property sold to Hamot, or else for the purchase price paid over to the defendant bank. "This action," say counsel, "as it now stands, is an action, on the part of a creditor, to subject to its claim assets of a debtor not reachable by execution." This being the character of the case, it is evident the plaintiff's rights are precisely the same as those of the hardware company. The plaintiff can not succeed unless its debtor had an actionable demand against the appellant when this suit was instituted. That the sale of the stock of hardware was ratified by the authorized purchase of the iron safe admits of no doubt whatever. There could be no more unequivocal recognition of the validity of Hamot's title than by treating with him as the owner of the property. It can not be supposed that the company would purchase and pay for an article which it already owned. It is true that the presence of Oliver, as a director, at the October meeting was necessary to constitute a quorum, but we are unable to perceive any reason why he might not be counted, nor why he might not vote upon the resolution to buy the safe. The ratification of the sale affected in no way the disposition of the money derived therefrom. Taking into account the fact that a sale of the stock of hardware was in contemplation for six or eight months

before it was made, that a fair price was realized, and that neither officer nor stockholder of the company has to this hour made any attempt to repudiate the transaction, there is, indeed, small reason for the claim that the transfer was not ratified by the owner of the property. And equally inadequate, it seems to us, are the reasons advanced to show that the payment of the proceeds of the sale to the appellant was not confirmed by acquiescence. Under circumstances that called for an expression of dissent, if the payment was not approved, the corporation remained silent. When, through its president, it took up and canceled its notes to the amount of $9,600 held by the defendant bank, it must surely have recognized the bank's right to the proceeds of the sale; and when it executed renewal notes for the indebtedness thus reduced, it must have done so on the assumption that a partial payment had been made. When sued on the Slaker note, the corporation, being itself before the court, admitted the validity of these renewals, and thus ratified the transaction in which they had their origin. At no time has there been an attempt by the hardware company, or any one connected with it, to assert a claim to the money received by the bank from Carson Hamot. Even now the company in its answer insists that the application of the proceeds of the sale was properly made. This pleading, it is true, is signed by counsel for the First National Bank, but the plaintiffs and the trial court dealt with it as the answer of the corporation, and we must so consider it. Had the Burger-Alexander Hardware Company been a copartnership, no one would doubt that the agent's unauthorized act in making the payment to the bank had been fully ratified. No one would contend that it could now maintain an action to recover from the bank the money so paid. But the doctrine that when a principal, with knowledge of all the facts, adopts or acquiesces in acts done by an agent in excess of his authority, he can not afterwards disavow such acts, applies as well to corporations as to natural persons. See

16      NEBRASKA REPORTS.      [Vol. 59

German Nat. Bank of Hastings v. First Nat. Bank of Hastings.

*Rich v. State Nat. Bank of Lincoln,* 7 Nebr., 201; Evans, Agency [Ewell's ed.], 70\*; 17 Am. & Eng. Ency. Law, 162; Cooley, Torts [1st ed.], 127\*. "The law is well settled," says Williams, J., in *Kelsey v. National Bank,* 69 Pa. St., 426, "that the principal who neglects promptly to disavow an act of his agent, by which the latter has transcended his authority, makes the act his own, \* \* \* and the maxim which makes ratification equivalent to a precedent authority, is as much predicable of ratification by a corporation as it is of ratification by any other principal, and it is equally to be presumed from the absence of dissent." We think the conclusion of the trial court that there was no ratification by the hardware company of the payment to the First National Bank is, under the evidence, altogether unwarranted, and that the judgment in favor of the plaintiff must be, therefore, reversed.

But there is another reason why the plaintiff must fail in this action. When Slaker consolidated the claim of the German National Bank with the claims of other creditors, and agreed to collect the note given for the aggregated amounts, and make ratable distribution among the beneficial owners, he did an act which his principal was bound to accept or reject as an entirety. It has, after due deliberation, elected to claim under the Slaker judgment, and in so doing has, in contemplation of law, ratified the entire transaction. A principal will not be permitted to accept and confirm so much of a contract made by an agent as may be beneficial to him, and reject the remainder. See *Rogers v. Emplie Hardware Co.,* 24 Nebr., 653; *Kansas Mfg. Co. v. Wagoner,* 25 Nebr., 439; *United States School Furniture Co. v. School District,* 56 Nebr., 645. After the plaintiff had impliedly agreed that the Slaker judgment should be enforced for the common benefit of all the creditors whose claims had been merged therein, it could not be permitted to usurp the functions of the trustee, break away from its contract, issue an execution, and appropriate the assets of the hardware company to its exclusive use. Certainly it is not the business of a

court of equity to lend its aid to the plaintiff under such circumstances. A creditor is not entitled to preference over other creditors when his superior diligence is the result of his having broken his contract with them.

The validity of the execution issued at the instance of plaintiff, and without authority from Slaker, who was the trustee of an express trust, has been much discussed. But, in view of the conclusion reached, the point is not decided. It would seem, however, that a judgment can not be enforced piece-meal, and that one of several beneficial owners is not entitled to an execution on his portion. See *Davis v. Ferguson*, 148 Mass., 603; *Todd v. Botchford*, 86 N. Y., 517; *Weiss v. Chambers*, 50 Mich., 158; *Bank of Sheboygan v. Trilling*, 75 Wis., 163. The judgment is reversed, and the petition dismissed.

REVERSED AND DISMISSED.