HARLEM METAL CORPORATION, Judgment Creditor, Plaintiff, *v.* HARRY SEGAL, Judgment Debtor, Defendant.

Municipal Court of New York, Borough of Bronx, Second District, March 29, 1938.

*Silverman & Siegel,* for the plaintiff.

*Gold & Maran,* for Mary J. Kiernan, junior garnishment creditor.

LEVY, J.   The plaintiff's garnishment order was signed by a justice of this court on February 18, 1938.   The affidavit in support of the garnishment order appears on its face to have been sworn to on February 16, 1938.   This was a typographical error; the correct date of swearing to this affidavit was February 17, 1938.

The affidavit states that " on or about the 16th day of February, 1938, an execution upon said judgment [in favor of the plaintiff] against the property of the said judgment debtor was duly issued out of this court  *  *  *,  and the said execution has been returned wholly unsatisfied."

The fact is that the execution was issued on this judgment on February 15, 1938; and it was not returned unsatisfied until February 17, 1938 — one day *after* the verification of the supporting affidavit, but one day *before* the *ex parte* garnishment order.   Based upon this discrepancy, a junior garnishment creditor moves to vacate the garnishment order procured by the plaintiff.

The burden of the moving party's argument can best be stated in the language of the motion papers:

" That pursuant to law, a property execution must be returned before the application is made for garnishee execution and the affidavit for said garnishee execution order must provide that the property execution has been returned wholly or partly unsatisfied.

" Deponent respectfully submits that since the affidavit for the issuance of the garnishee execution order is incorrect, and since the property [execution] was returned after the said application and verification of the affidavit, and that the garnishee execution is defective and should be vacated and set aside."

The original filed papers were submitted to the court in support of the application to vacate the garnishment order.

Counsel state that they have been unable, after a diligent search, to unearth authorities squarely on the point.   There should be no difficulty in disposing of the matter on general principles.   Even though the affidavit of the plaintiff's attorney in support of the application had, on its face, been signed before the fact could properly

be alleged therein, the fact is that when my colleague issued the garnishment order on February 18, 1938, execution had already been returned unsatisfied. I am, therefore, of the opinion that the motion to vacate the order should be denied.

To decide as I do may, perhaps, encourage careless professional labors. But to hold otherwise would, in my view, unduly punish for neglect far beyond the gravity of the offense. I choose the lesser of the two evils when, as here, the degree of error is so slight. The court has inherent and statutory power to disregard an unsubstantial omission, irregularity or defect. (Civ. Prac. Act, § 105; Mun. Ct. Code, § 15.) "The policy of the courts is to be humane and not unduly harsh and punitive in its treatment of suitors and attorneys who have made mistakes; and to look with tolerance upon errors and defects in pleading and practice if they may be rectified without affecting substantial rights of litigants." (*Allen* v. *Fink*, 211 App. Div. 411, 415.)

The junior creditor cannot, in my opinion, claim to be deprived of a substantial right when the court disregards an obvious typographical error, which did not mislead the junior creditor and upon which he did not rely in any respect. Moreover, I think the moving party has overlooked an important portion of the statute providing for a levy upon the earnings or income of a judgment debtor, which, while not invoked by the plaintiff, is conclusive of the present application.

Section 684 of the Civil Practice Act provides that before a garnishment order may be granted, execution on the judgment must have been returned unsatisfied. Such order is obtained by a judgment creditor upon application to the court, which, in issuing the order, may rely "upon satisfactory proof of such facts by affidavit or *otherwise*." (Civ. Prac. Act, § 684.) (Italics mine.)

Before the offending affidavit and proposed order were presented to the court, the official notation of the clerk of the court — "Execution returned unsatisfied. Amt. (of judgment) O.K." — was made upon that affidavit. This notation was there before the plaintiff made his application to the court for the garnishment order. If not a part of the affidavit, it is certainly proof of such facts "otherwise," or debors the affidavit.

The motion is denied.