MORAN TOWING AND TRANSPORTATION COMPANY, Plaintiff, *v.* JOHN J. FLEMING, Defendant.[*]

Supreme Court, Kings County, November 18, 1940.

*Albert Bonynge,* for the plaintiff.

*Earle, Rust & Reilly,* for the defendant.

BRENNAN, J. This is a motion to vacate an *ex parte* order dated September 16, 1935, amending *nunc pro tunc* a garnishee execution

[*] Affd., 261 App. Div. 978, 979.

issued July 16, 1920, by inserting therein a specification of the day from which interest upon the judgment was to be computed, a specification that had been omitted, inadvertently or by mistake, from said execution.

Judgment for the principal of a note, with interest thereon from its due date, was entered July 13, 1920. Thereafter, pursuant to an order duly entered, execution issued under date July 16, 1920.

In accordance with the requirements of section 1366 of the Code of Civil Procedure (now Civ. Prac. Act, § 640), there is stated in the execution the date when the judgment was rendered; and pursuant to section 1368 of the Code (now Civ. Prac. Act, § 642), there is also set forth therein the amount of the judgment, but the execution contains no definite statement that interest upon the amount set forth is to be computed from the day specified as that upon which the judgment was rendered.

It seems to me that the " requisites of execution for the collection of money " were substantially complied with. However, the amendment was made in September, 1935, after the sheriff had informed the attorney for the judgment creditor that he would not collect interest on the judgment unless and until the execution was so amended.

The judgment debtor stated that he first learned of the amendment to the execution in August, 1940, when he moved to have the original execution limited to collections within the twenty-year period of limitations ending July 13, 1940. He also claims that by August, 1933, the execution and expenses thereof had been fully paid and satisfied. In view of the motion to limit the execution made seven years after the time he now claims the execution and expenses had been fully paid and satisfied, it seems at least probable that he knew that the sheriff was collecting interest on the judgment.

The statute (Code Civ. Proc. § 1368) set forth the requisites of an execution for the collection of money and thereafter provided, " It may specify a day, from which interest upon the sum due is to be computed; in which case, the sheriff must collect interest accordingly, until the sum is paid." In this case it is claimed that such a specification was omitted and that the court at Special Term was without jurisdiction to amend the execution for the reasons that no notice of such amendment was given and the execution had been satisfied.

As to the satisfaction of the execution, the claim evidently is that the sheriff's collections up to August, 1933, amounted to the sum of the judgment, without interest, plus the sheriff's fees, for the sheriff made no return of the execution as satisfied. In fact, he continued to collect from the trustee and pay over to the judgment

creditor until two years thereafter when he insisted upon the amendment of the execution before he would continue to collect interest. It is also very evident that both the trustee and the judgment debtor knew that interest was being collected. The trustee paid at least until February, 1940, and the judgment debtor must have known that he was receiving less than the full income provided for in the trust.

This is not a case such as *People ex rel. Ransom* v. *Onondaga C. P.* (3 Wend. 331), where the judgment creditor on a judgment for $1,000 issued an execution for $800 and when that had been collected issued a second execution for $200, the balance of the judgment; nor is the case of *Todd* v. *Botchford* (86 N. Y. 517) in point. There, a body execution was issued on a judgment in an action for slander. The execution specified the amount of the judgment but did not specify a day from which interest was to be computed. The judgment debtor was arrested under the execution and thereafter paid the sheriff the face of the judgment and his fees but refused to pay interest. The sheriff accepted said payment, released the judgment debtor and returned the execution satisfied, and the judgment was so marked on the clerk's docket. The judgment creditor thereupon issued a second body execution for the amount of the unpaid interest. In each of the foregoing cases the judgment creditor accepted the payment made and then issued a second execution; no attempt was made to correct the original execution. In the first instance the judgment creditor split his judgment and in the second he collected the face of the judgment and thereafter sought to collect the interest, which interest is allowed merely in the nature of damages for the non-payment of the judgment when due (*Donnelly* v. *City of Brooklyn*, 121 N. Y. 9, 19), and cannot be recovered after acceptance of the face of the judgment. (*Brady* v. *Mayor*, 14 App. Div. 152.)

No substantial right of the judgment debtor was prejudiced by the amendment of the execution to insure the collection of interest, the collection of which was questioned only by the sheriff. A judgment is " a debt due, with interest from the time of its rendition, which, since the statute, may be collected upon the execution, and before the statute, could have been recovered by action of debt upon the judgment " (*Sayre* v. *Austin*, 3 Wend. 496, 497); the statute, now section 481 of the Civil Practice Act, is simply declarative of the common-law rule. (*Donnelly* v. *City of Brooklyn, supra.*) " A debtor has no substantial right to avoid the payment of interest in full." (*Preston Co.* v. *Funkhouser*, 261 N. Y. 140, 145.)

There seems to be no case exactly in point, but in *Kokomo Strawboard Co.* v. *Inman* (67 Hun, 648) an amendment was granted

increasing the amount of the execution, and in *Jaffray* v. *Saussman* (52 Hun, 561) the court ordered an amendment to permit the sheriff to collect only the sum due instead of the total amount of a confessed judgment. (See, also, *Harlem Metal Corp.* v. *Segal*, 167 Misc. 321.) As an example of the extent to which the court will go to enable the correction of mistakes, omissions, irregularities or defects, where substantial rights are not thereby prejudiced, see *People ex rel. New York Omnibus Corp.* v. *Miller* (282 N. Y. 5); *People ex rel. Durham Realty Corp.* v. *Cantor* (234 id. 507); *Hatch* v. *Central National Bank* (78 id. 487); and *Holzer* v. *Deutsche Reichsbahn-Gesellschaft* (160 Misc. 487).

Notice of the application for such amendment was not necessary for the reason that the judgment creditor was entitled to interest as a matter of right. (Civ. Prac. Act, § 481; *Donnelly* v. *City of Brooklyn, supra.*)

The motion is denied.