# COUNTY OF SAGADAHOC.

———o———

## STEPHEN SPRINGER *versus* JOHN TOOTHAKER.

Whatever will discharge a *surety* in equity will be a good defence in law.

A creditor who holds the personal contract of his debtor, with a surety, and has or receives subsequently property from the principal as security for his debt, *must appropriate it fairly for the payment* of the debt, or he will lose his claim against the surety to the amount of the property.

In a suit against the principal upon a promissory note, where property is attached, the plaintiff has no equitable or legal right to surrender or abandon it, to the injury of the surety, without his consent.

REPORTED by MAY, J.

This action is against a surety upon a note of hand. An action had been brought and judgment recovered against the principal debtor; property attached upon the writ had been seized by virtue of an execution upon that judgment, advertised for sale and abandoned by order of the plaintiff, and without consent of this defendant, whereupon this action is brought to recover the amount of the note against the surety.

*Whitmore,* counsel for plaintiff.

*Clay and Evans,* counsel for defendant.

*Argument of Clay:*

When the holder agrees with the principal for a sufficient consideration to extend or enlarge the time of payment without the consent of the surety, the surety is thereby discharged. Mariner's Bank v. Abbott, 28 Maine R., 280; Lime Rock Bank v. Mallett, 34 Maine R., 547; Chute et. al., executors, v. Pattee et. als., 37 Maine R., 102; Johnson v. Mills et. als., 10 Cush., 503.

" There is no clearer rule in equity than that when the creditor has the *means* of satisfaction in his own hands and chooses not to retain it, but suffers it to pass into the hands of the principal, the *surety* cannot be called upon."

" Where the creditor has or takes the property of the principal for his debt, he is bound to hold it fairly and impartially for the benefit of the *surety* as well as himself, and if he parts with it without the consent of the surety, the surety is discharged." Commonwealth v. Miller, 8 Sergeant and Rawles Penn. R., 452 ; Baker v. Briggs, 8 Pick. R., 121 ; Savings Bank v. Colcord, 15 N. H. R., 119 ; Perrine v. Firemen's Ins. Co., 22 Ala., 575 : Commonwealth v. Haas, 16 Sergeant and Rawles, 252.

" The voluntary surrender of a specific lien upon the property of the principal, by a creditor, is a discharge of the surety." Ferguson v. Turner, 7 Miss., 820.

" An attachment is a lien and security, and such a lien is to be preserved for the benefit of the surety as well as the principal." Edgerly v. Emerson, 3d Foster's N. H. R., 555.

" The lien of the judgment and the levy of the execution upon the property of the principal debtor was a security in the hands of the creditor, available for the relief of the surety. To relinquish that security was to injure the surety by the direct act of the creditor." Hubbell v. Carpenter, 5 Barb. N. Y. R., 520.

" Any act of the creditor which increases the risk of the surety discharges the surety.

" When the creditor does an act injurious to the surety, or omits to do an act which equity and his duty enjoined upon him to do and which act or omission results in an injury to the surety, the surety is discharged." Brown v. Riggins, 3d Kelley, Geo. R., 505 ; Lang, adm'r, v. Brevane et. al., 3 Strohkart, S. C. Eq. R., 59 ; Hubbell v. Carpenter, 5 Barb., N. Y. R., 520.

If the creditor releases or negligently loses any security which he holds of the principal, without the consent of the surety, the surety is thereby released. Manchester Bank v.

Bartlett, 13 Vermont R., 315; 9 Watts and Sergeant, Penn. R., 36.

When a lien is created upon the property of the principal by the execution in the hands of an officer, and such lien is lost or waived by the act of the creditor, the surety is exonerated. Glass v. Thompson, 9 Monroe, Kentucky R., 235.

Where an execution has been levied upon the property of the principal debtor, and is returned by order of the plaintiff and the property released, the surety is discharged. Glass v. Thompson, 9 Monroe 235; Curon v. Colbert, 3 Kelly, Geo. R., 239; State Bank v. Edwards, 20 Ala., 512.

The creditor is bound to use all the means of saving the surety which the law puts into his hands and which a prudent man would adopt to save himself. Wetzel v. Spensler, 18 Penn. R., (6 Harris,) 460; Lang, adm'r, v. Brevane et. al., 3 Strohkart, S. C. Eq. R., 59; Dixon v. Ewing, 3 Hammond, Ohio R., 280.

The surety will be discharged in all cases in which the creditor relinquishes the hold which he has obtained on the property of the principal, without making it effectual for the payment of the debt. American Leading Cases, vol. 2, p. 258, et. sec.

Additional authorities, cited by G. Evans, who was associated with Mr. Clay in the defence of this action:

2 Pick., 223; 2 Swanston, 193; 13 Sergeant and Rawles, 157; 4 Vesey, 829; 6 Swedes and Marshall, 24; 9 Barb., 21 and 275; Adams' Eqr. J., 604; Burge on Sureties, p. 206; 7 Howe, 612; 2 Story's R., 376; 5 Barb., 580.

HATHAWAY, J. The note upon which this action was brought, was signed by the defendant and H. P. Toothaker, who were legally holden thereon as joint and several promissors.

The defendant, however, was in fact, only the surety of H. P. Toothaker, and that was known by the plaintiff. Hence the defendant is entitled to all the benefits belonging to the character of a surety.

The evidence reported does not authorize the conclusion that there was any such agreement between the plaintiff and H. P. Toothaker, to enlarge the time of payment, as would operate as a discharge of the defendant from his liability as surety on the note. The defendant offered to prove that after the note became due, the plaintiff commenced a suit thereon, against H. P. Toothaker, the principal debtor, and attached as his, a large amount of personal property, and certain interests in real estate; that he prosecuted the suit to final judgment, on which he duly obtained execution, which he neglected to levy on the personal property attached, and ordered the officer in possession, by virtue of the attachment, to surrender it, which he did; that the equity of redemption attached, was, by the plaintiff's direction, siezed on the execution, by the officer holding it, for collection, and duly advertised for sale, at a time and place named, but that it was not exposed for sale; that the sale was postponed from time to time, and the attachment lost and abandoned, by the plaintiff's order, and without the defendant's consent, and that the equity of redemption was worth six hundred dollars, and would have sold for that sum, if it had been exposed for sale; all of which testimony offered was excluded by the presiding judge, and the question presented to the court is, whether or not it was properly excluded.

The defendant, the surety, is sued *alone*, and whatever would discharge the surety in equity, will be a good defence in law. Baker v. Briggs, 8 Pick., 128–9, and authorities there cited.

The contract of suretyship imports entire good faith and confidence in the whole transaction. In equity, a creditor who has the personal contract of his debtor, with a surety, and has, also, or takes afterwards, property from the principal, as security for his debt, is to hold the property fairly and impartially for the benefit of the surety as well as for himself, and if he parts with it without the knowledge, or against the will of the surety, he shall lose his claim against the surety, to the amount of the property so surrendered.

The People v. Janson, 7 Johns., 337; Rees v. Berrington, 2 Vesey, Jr., 542; Law v. E. I. Co., 4 Vesey, 849; Baker v. Briggs, 8 Pick., 122, second ed.; 1 Story's Eq., sections 324–5–6.

When the plaintiff had recovered judgment against the principal debtor, his right had attached absolutely, to the property, which he had taken on the writ, and remained a fixed and permanent lien, for thirty days.   In the matter of Cook, 2 Story's R., 376, R. S., chap. 114, sec. 32—and if he, voluntarily surrendered it without the defendant's consent, he did so at the peril of discharging the defendant as surety for the amount thus surrendered.

Although the plaintiff was not legally bound to use active diligence in collecting the debt of the principal, and the surety would not be discharged by reason of his delay in the matter, and though the plaintiff might have discontinued *proceedings* against the principal debtor, which he need not have instituted, yet, it would be clearly inequitable to allow him to abandon an absolute lien or security upon the property of the principal, which he had obtained as the *result* of those proceedings, and to retain his hold upon the security for the whole debt.   2 Am. Leading Cases, 256.

The plaintiff was not bound at his own risk and expense, to seize and sell on the execution, the personal property attached when the title might be doubtful.   Page v. Webster, 15 Maine R., 249.

But, as to the equity of redemption, the testimony offered and excluded, presents it as the property of the principal debtor, upon which the plaintiff had obtained an absolute lien for the payment of the debt, and which, without any risk or expense to the plaintiff, would have been sold for six hundred dollars, and appropriated for that purpose, unless e had interfered and prevented the sale.

He had no equitable or legal right, *to the injury of the surety,* (the defendant,) thus to surrender and abandon such security.

The testimony excluded was legally admissible, and should have been received.

In addition to the numerous authorities cited in argument, see Edgerly v. Emerson, 3 Foster, N. H. R., 555 ; Adams' Eq., 269 and 270, and the opinion of TENNEY, J., in Fuller v. Loring, 42 Maine R.

As agreed by the parties, the action must stand for trial.