First National Bank of Hastings

*vs.*

William K. Rogers et al.

In pleading a levy it is not necessary to state the specific acts of the sheriff constituting a levy in law; it is sufficient to allege generally that by virtue of the execution he levied upon the property.

A valid and subsisting levy of an execution upon personal property of the execution debtor, is at least a satisfaction *sub modo* of the judgment, and must be fairly tried.

An appeal bond conditioned for the payment of the judgment if affirmed, &c., given under *sec* 11 *of chap*. 86 *of the Gen. Stat.*, operates as a stay of the proceedings; but where an execution has been issued, and a levy made on personal property before the bond is given, it does not operate as a discharge of the levy.

When an appeal bond is given by the defendant in the action in which the appeal is taken as principal, with sureties, and the condition of the bond is that the principal will pay, &c., the only liability of the sureties is upon default of the principal, and whatever defense the principal may set up as a bar in an action upon the bond, will be available to the sureties, and where as between the plaintiff and the principal in the bond the judgment is satisfied, *sub modo*, it is a good defense.

When, as between the plaintiff and the principal in such bond, the judgment is satisfied, *sub modo*, it is a good defense by the sureties in an action upon such bond.

Where an appeal bond recites only the judgment and appeal, and the condition of the bond is payment by the appellant, in an action on the bond neither the defendant nor his sureties are estopped from setting up as a defense, the existence of a valid levy upon sufficient personal property of the judgment debtor.

First National Bank of Hastings v. Rogers et al.

The plaintiff in this case appeals from the order of the District Court of Dakota county, denying a motion to strike out the answers of defendants as sham and irrelevant. The case is fully stated in the opinion of the Court.

SMITH & VAN SLYCK for Appellant.

SMITH & GILMAN, T. R. HUDDLESTON, CLAGGETT & CROSBY for Respondents.

*By the Court*—McMILLAN, J.—This is an action brought upon a bond given by the defendants upon an appeal to the Supreme Court by the defendant Rogers, from a judgment in a former action by the plaintiff against him. The complaint sets up the recovery of a judgment against the defendant Rogers, on the 5th of February, 1867, for $5380.50; that an execution was issued upon the judgment on the 24th day of April, 1867; that on the 13th day of June, 1867, the defendant Rogers gave notice of appeal from said judgment, and that the defendants in this action on that day, in the manner provided by statute, and for the purpose of staying the execution upon such judgment until the final determination of the appeal, executed the bond set forth in the complaint; that upon the appeal the Supreme Court affirmed the judgment; that a mandate was duly issued, and the same was delivered to the District Court on the 23d of January, 1868, and on the 28th of February, 1868, an *alias* execution was issued out of the District Court upon the judgment against the defendant Rogers, and was returned *nulla bona;* that the defendants have not paid the judgment and interest, or any part thereof, according to the condition of the said bond, &c. The defendant Rogers answers separately, and avers that upon the first execution issued upon the judgment, the sheriff

levied upon and took into his possession, as the property of the said defendant, seven hundred and eighty-one barrels of choice Minnesota flour, of the value of thirteen dollars per barrel, amounting in the aggregate to the value of $10,153; that the levy is still in force and undisposed of, and was and is sufficient to satisfy said judgment; and avers that the judgment is satisfied.

The defendants LeDuc and Robinson answer together, and set up among other things, the levy by the sheriff upon the first execution, in the following language:—" That under and by virtue of the said writ of execution, * * * * the said sheriff, on the 4th of May, A. D. 1867, levied upon a large amount of personal property, to-wit: seven hundred and eighty-one barrels of choice Minnesota flour, the property of said judgment debtor William K. Rogers, and of the value of thirteen dollars per barrel, amounting in the aggregate to the sum of $10,153, which said property was sufficient to satisfy the said judgment alleged in said complaint," and that said levy upon said property is still in force, and undisposed of. These defendants also allege the return of the writ by the sheriff, and the levy endorsed thereon, which is set out *in hæc verba*.

The plaintiff moved to strike out the answer of the defendants, as sham and irrelevant, and for judgment. The motion was denied, and the plaintiff appeals.

In pleading a levy, it is not necessary to state the specific acts of the sheriff constituting a levy in law; it is sufficient to allege generally that by virtue of the execution the sheriff "levied" upon the property. *Rohrer vs. Turrel*, 4 *Minn.*, 410. We think the fact of the levy, that it was upon sufficient property to satisfy the judgment, and that it is undisposed of, is sufficiently pleaded. There is some difference in the authorities as to the effect of a levy on personal property,

on the judgment, whether it is absolutely a satisfaction or not, but the weight of authority goes to the extent of holding that a levy upon sufficient personal property is at least a satisfaction, *sub modo*, ot the judgment. In the language of Judge Cowen, " It may operate as a satisfaction and must be fairly tried; but if it fail, in whole or in part, without any fault of the plaintiff, he may go to his further execution. He must fairly exhaust the first, and while that is going on, he can neither sue on the judgment, nor have another *fi.fa.* nor a *ca. sa.;* 'nor can he redeem lands sold on another judgment." *Green vs. Burke,* 23 *Wend.*, 501; and see in this case a review of the authorities on this question. When, therefore, a judgment debtor shows a levy upon sufficient of his personal property to satisfy the debt, and that it is undisposed of after a reasonable time, we apprehend it is incumbent upon the judgment creditor to rebut the legal conclusion from this state of facts that the judgment is satisfied.

The effect of giving the bond upon the appeal was only to stay, not supersede the proceedings, and the levy having been made prior to the appeal, the plaintiff was only prevented from proceeding further on the execution until the determination of the appeal; the property was not discharged from the levy. *Gen. Stat.*, ch. 86, secs. 11, 15; *N. W. Express Co. vs. Landes*, 6 *Minn.*, 564; *Cook vs. Dickerson et al.*, 1 *Duer*, 679; *Burral vs. Vanderbilt*, 1 *Bosw.*, 637. Upont he face of the bond on which this action is brought, it expressly appears that the defendant Rogers, the original judgment debtor, is principal, and the defendants LeDuc and Robinson are sureties; and the condition of the bond (in accordance with the statute), is that the *appellant Rogers will pay*, &c. By this obligation the only liability of the sureties is upon the default of the principal. Whatever defense, therefore, Rogers may set up as a bar, will be available also to the sureties, and un-'

less the plaintiff has a right to demand of Rogers the payment of the judgment, there can be no liability on the bond. It would seem then that when the judgment is satisfied as between the plaintiff and Rogers, the condition of the bond is complied with; whether the satisfaction is by voluntary payment, or otherwise, we think it is not material if it amounts to a legal satisfaction of the judgment as between the plaintiff and defendants in the judgment. The authorities cited by the respondents' counsel, while sustaining this conclusion, seem to rest upon the statute of the State of Ohio; but the position is fully sustained by the reasoning of Judge Gibson, in *Patterson vs. Swan*, 9 *S. & R.*, 19. If then a subsisting levy upon sufficient personal property is a satisfaction *prima facie* of the judgment, the answer constitutes a good defense, unless the defendants are estopped from setting it up in this action. We think the doctrine of estoppel does not apply here. If there is an estoppel it must be an estoppel by deed. The rule applicable to such an estoppel is that "A party to a bond, or to an indenture, or to a deed of conveyance, can deny nothing which the bond in its condition, or the indenture, or deed of conveyance in their recitals aver." 2 *Pars. on Contr.*, 789. "If the condition contain a generality to be done, the party shall not be estopped to say there was not any such thing; but in all cases where the condition of a bond has reference to a particular thing, the obligor shall be estopped to say there is no such thing. * * * A general recital is not an estoppel, though the recital of a particular fact is." 2 *Smith's L. Cas.*, 691; 2 *Pars. on Contr.*, 5 *Ed.*, *note* (6), *p.* 789. The only recitals in this bond are the judgment and appeal; the condition of the bond is payment by the appellant. There is no reference to an execution, or levy, or to any facts affecting the question of payment. The respondents do not seek to contradict the fact of a regular judgment,

nor the appeal, therefore so far as the recitals of the bond are concerned, there is no attempt to contradict them, and we think clearly the condition of payment in the bond "is a generality to be done" and does not estop the defendants from saying that the judgment was satisfied at the time. 2 *Smith's L. Cas.*, 691.

The order appealed from is affirmed.