94        253
19 SC ¹604

## Allen *versus* Kellam.

1. A recognisance of bail in error defective in form may derive validity from the consent, express or implied, of the parties intended to be affected thereby.

2. The recognisance may be sustained as a voluntary personal contract based on sufficient consideration. It is tendered to defendant in error as security in consideration of the delay and risk to which he may be subjected, and if he elects to accept and treat it as valid, and for this reason forbears to proceed by execution, pending the writ of error, neither the principal nor the surety can evade liability on the ground of non-conformity to the requirements of the statute.

3. Where, however, the defendant in error treats the recognisance as a nullity, issues execution, and proceeds as though no recognisance had been given, such conduct constitutes a good defence to an action upon it.

April 1st 1880.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.   GREEN, J., absent.

Error to the Court of Common Pleas of *Wayne county:* Of January Term 1880, No. 292.

Scire facias sur recognisance of bail in error by Peter Kellam against Martin B. Allen.

Allen filed the following affidavit of defence :—

" That at the time of giving the recognisance upon which the above action is brought, the deponent did so with the assurance upon the part of the defendant in the suit in which the recognisance was given, that deponent should be indemnified against loss by reason of signing such recognisance. That such indemnity was not furnished to deponent. That the deponent was the only surety in said recognisance. That after said recognisance was filed, and pending the writ of error, the plaintiff in the said suit caused execution to issue against the property of the defendant, William T. Kellam, and treated the said recognisance as a nullity. That plaintiff in said suit in which the recognisance was given lost nothing by reason of the writ of error being taken, having treated the recognisance as a nullity, and proceeded with the execution. That there was an entire failure of consideration for which the said recognisance was given."

The court entered judgment for want of a sufficient affidavit of defence, when defendant took this writ and assigned this action for error.

*H. M. Seely, H. Wilson* and *George S. Purdy,* for plaintiff in error.—The recognisance is simply a security furnished in consideration of the delay and risk occasioned by the stay of execution. If the recognisance complies with the terms of the Act of Assembly, the stay follows at once.

It is not a voluntary contract between the parties, but a proceeding by which one party divests the other without his consent of a right or security by substituting a different one under the Act of

[Allen *v.* Kellam.]

Assembly. A recognisance which does not comply with the provisions of the act sufficiently to operate as a legislative injunction against execution, may still, by consent of the parties, be made to accomplish the same purpose, as a voluntary contract. A recognisance of bail in error with a single surety is not a supersedeas. The defendant in error may disregard it and proceed at once with his execution: Rheem *v.* Naugatuck Wheel Co., 9 Casey 357; Eichman *v.* Belvidere Bank, 3 Whart. 70; Stroop *v.* Gross, 1 W. & S. 141.

*George G. Waller*, for defendant in error.—By the rules of the Supreme Court, a method for defendant in error to except to the bail is provided, and if he does not do so within twenty days, he cannot do it thereafter, and the implication is, the bail is good, and that the defendant acquiesces in it. In the case at bar, the defendant did not except to the bail, but acquiesced in it, and the defendant had the benefit of the stay which he sought. The execution was not pressed, but stayed. If the recognisance bound Allen at any time, then the issuing of an execution on which there was no sale, did not release him. In Milliken et al. *v.* Brown, 10 S. & R. 188, it is held: " If, after a recognisance entered into for a stay of execution, the plaintiff issue a fi. fa. against the defendants in the original suit, within the time of stay allowed by law, and obtain part of the debt from one of the original defendants, under the menace of levying the execution, this does not discharge the recognisance."

Mr. Justice STERRETT delivered the opinion of the court, May 3d 1880.

The Act of 1836, relating to bail in error, provides that execution shall not be stayed unless the plaintiff in such writ, or some one on his behalf with sufficient sureties, shall become bound by recognisance with condition to prosecute the writ of error with effect, &c. A recognisance with a single surety is not a *supersedeas* by mere operation of law, and the party in whose favor judgment has been entered in the court below may disregard it and proceed with his execution as though no recognisance had been given: Rheem *v.* Naugatuck Wheel Co., 9 Casey 356. But a recognisance defective in form may derive validity from the consent, express or implied, of the parties intended to be affected by it. It is tendered to the defendant in error as security in consideration of the delay and risk to which he may be subjected, and if he elects to accept and treat it as valid, and for this reason forbears to proceed by execution pending the writ of error, neither the principal nor the surety can evade liability on the ground of non-conformity to the requirements of the statute. The recognisance may be sustained as a voluntary personal contract based on sufficient con-

sideration.   But such a state of facts is not presented in this case. The plaintiff in error in his affidavit of defence, which was adjudged insufficient by the court below, says, among other things, that he was ·the only surety in the recognisance; that after it was filed, and pending the writ of error, the plaintiff below treated it as a nullity, issued execution, and proceeded as though no recognisance had been given; that having so proceeded he lost no right or security by reason of the writ of error.    The facts thus alleged, if true, constitute a good defence; and for the purposes of the present inquiry we must assume that every allegation contained in the affidavit of defence is strictly true.    It may be that on the trial of the case the plaintiff below will be able to show what he now alleges—that execution was stayed and by common consent the recognisance was treated as valid and binding.    This may become a question of fact for the jury, but, in passing upon the sufficiency of the affidavit of defence, we cannot undertake to determine disputed questions of fact.    The only pertinent inquiry in a case like this is whether the allegations of fact contained in the affidavit of defence, assuming them to be true, constitute a defence.    The recognisance in this case was so defective in form that the defendant in error had a right to treat it as a nullity; and the allegation is that he did so treat it, "issued execution, and proceeded therewith, pending the writ of error, as though no recognisance had been given."    This, if true, is a good defence to the scire facias on the recognisance.

Judgment reversed and a *procedendo* awarded.