The opinion of the court was delivered by
McEnery, J.
The plaintiff sued M. C. Randall, its agent, in the City of New Orleans, and Henry Ginder, E. C. Palmer, P. H. Werlein, and C. Mehle, the sureties on his bond, for the sum of $33,233.93, the amount of the defalcation of the agent Randall to said company.
There was judgment against Randall on his written confession, which was made final, and the sureties were released, from which judgment the plaintiff has appealed. The answer of the sureties is substantially as follows: they plead the prescription of one, two, three, five and ten years; they allege that there is no sum of money due said company by Randall; that if any sum is due to the company by him, it arose through the negligence of the company in failing to compel him to make prompt returns of collections; that if plaintiff is entitled to a judgment against defendants, they are entitled to receive from plaintiff the sums of money received from the assets *264 turned over to plaintiff by Randall, and that they are entitled to a judgment in reconvention for said amount; that if any liability existed on the part of the sureties, they have been discharged by plaintiff’s own acts and doings, made without the knowledge or consent of the defendants in regard to the property and assets turned over and assigned to plaintiff by Randall, and converted to its own use and benefit by said insurance company. The evidence establishes, the liability of the defendant Randall in the amount for which judgment was rendered against him. There is no evidence that the company was guilty of any negligence that contributed to Randall’s defalcation. A demand was made upon the sureties and suit commenced before prescription had acquired.
The only serious defence is that the sureties are discharged by the company’s acts in receiving property from Randall, on qccount of' his defalcation, administering it and converting the same to its own use and benefit without the knowledge or consent of the sureties.
Before and after the institution of this suit the company received from Randall a number of insurance policies, upon which it placed its own valuation, a fee due Randall in the insolvency of Carriére &Co., which it collected, a claim against Joseph Santini for $6315.88, which it compromised, as the evidence shows, at considerable less, than its value, and immovable property in Virginia, which the company in part disposed of and retained an interest, which it has valued in the remainder, and a cash payment from Randall of $740.11, and a transfer from Randall for commissions for policies renewed amounting, it is alleged, to some $9000 (nine thousand dollars). The face value of these assets was more than sufficient to extinguish Randall’s liability. The company admits it realized only $12,098.12 on these assets. The company received from Randall all the property he possessed, and administered it as owner, disposing of it and conveying it without the knowledge or consent of the sureties. It matters not whether the company received the full value of the assets turned over- to them by Randall.
The question is whether the company has changed the obligation of the surety and impaired any of the rights of the surety against the principal.
“ The surety is discharged when by the act of the creditor the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety.” R. O. C. 8061.
*265 The company received voluntarily from the agent Randall all of his property. It was appropriated by values placed upon it by the company and by Randall, and it disposed of all of it, either to the company or to others.
The duty of the company was, not to appropriate or dispose of the property, whether received before or after the sureties’ liability had accrued by the [defalcation of Randall, without the knowledge and consent of the sureties, but to hold it impartially for its own and the sureties’ benefit. 43 Me. 381; 8 Pie. 121; 4 Golas Oh. R. 129; o N. H. 353.
This the company.has not done. The plaintiff has placed the property beyond the reach of the sureties. They can not demand subrogation to the creditors’ rights against the principal, to which they are entitled under their contract of suretyship.
When the creditor intends to look to the surety for payment, he is compelled to preserve, unimpaired, all his rights against the debtor. If the creditor therefore does any act without the sureties’ consent, which impairs his rights of subrogation or the means of enforcing his claim against the principal in case he should be called upon to pay the debt, the surety will be discharged.
The sureties in the case may have desired to pay their obligation, which was for |2500 each, and take the -assets of their principal to the extent and amount of securing them against loss, and administer* them for their joint benefit. The evidence in the record leaves little-doubt but that they could have realized more from the assets of" Randall, had they received and properly administered them, oi; had; they been consulted about their disposition. In the petition of' plaintiff no mention is made of the transfer of the assets of Randall to the company, nor is there any credit given to the defendants for the sum realized on them.
The plaintiff contends that the acts of the ¡company in taking the property of Randall, operated an advantage to the sureties, and therefore they have no cause to complain. Admitting this to be so, the surety stands on the strict terms of his contract, and even should the act be beneficial to them, if it in any way changes the contract of suretyship, the surety will be discharged. The creditor has no right to make any change in the obligation. McGuire vs. Woolridge, 6 R. 50.
The right of subrogation to the right of the creditor is a part of the *266 obligation, and an essential one, when the contract of suretyship is entered into. It exists whether the surety pays voluntarily or by compulsion. Offut et als. vs. Hendsley, 9 L. 12.
In this case it is clear that the creditor by his own act has changed the contract of the surety and has placed it beyond the power of the company to subrogate the sureties to its rights against the property of Randall.
Judgment affirmed.