# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Michael Geiselman v. Ellwood Shomo, George J. Gravell, Edward J. Hagan, Appellants.

*Appeals—Bond—Action on—When appeal not a supersedeas—Practice, C. P.*

Where an appeal is taken after the date when such an appeal operates as a supersedeas, and the plaintiff treats the appeal as a nullity and proceeds with his execution to a sale of the defendant's real estate just as though no appeal had been taken, and the defendant upon the appeal being non prossed pays the costs; it is apparent that no benefit or advantage to the defendant and no delay or loss to the plaintiff followed the appeal, and hence plaintiff may not recover on the bond any deficiency of his judgment not realized on the execution.

Argued Oct. 10, 1899. Appeal, No. 83, Oct. T., 1899, by defendants, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1898, No. 397, in favor of plaintiff for want of a sufficient affidavit of defense. Before Rice, P. J., Beaver, Orlady, W. W. Porter, W. D. Porter and Beeber, JJ. Reversed. Opinion by Orlady, J.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

The facts sufficiently appear in the opinion of the court.

Judgment for plaintiff for $196.96. Defendants appealed.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*Frank H. Mullen,* with him *Charles G. Harres,* for appellants. —In the case at bar, the appeal was taken thirty-nine days after the judgment was rendered.

As an appeal is a creature of statute law, all of the requirements of the statutes should be strictly complied with, otherwise the appeal does not act as a supersedeas: Rheem v. Naugatuck Wheel Co., 33 Pa. 356 ; Henry v. Boyle, 1 Miles, 386 ; Eichman v. Bank, 3 Wharton, 68.

As the appeal was not a supersedeas, the bond must of necessity be a nullity, unless the plaintiff had elected to treat the appeal as a supersedeas and so stay his execution. As he did not do this, the appeal in this case did not act as a supersedeas, and therefore the bond is a nullity, except as to such costs as accrued in non prossing the appeal: Allen v. Kellam, 94 Pa. 253.

*J. Henry McIntyre,* for appellee.—Neither the surrender of the principal, his insolvency, death, nor anything short of a release or satisfaction of the judgment will excuse the bail: Smith v. Ramsay, 6 S. & R. 573 ; Patton v. Miller, 13 S. & R. 254 ; Mechling v. The Bank, 34 Leg. Int. 313 ; Brown v. Lorein, 35 Leg. Int. 134 ; Smith v. Winder, 1 Clark, 386.

The record is conclusive evidence of the forfeiture of the bond: Rhoads v. Com., 15 Pa. 272.

OPINION BY ORLADY, J., February 16, 1900:

On April 13, 1897, the plaintiff obtained a judgment against the defendant for want of an affidavit of defense, and on November 13, 1897 a rule to open this judgment was discharged. On November 26 a writ of alias fieri facias was issued, under which a levy was made on the defendant's real estate, and on December 8 a venditioni exponas was issued, and under this writ the defendant's lands were levied upon, and were sold on January 3, 1898. On December 22, 1897, an appeal was taken to this court from the order of the court below, in entering judgment for want of an affidavit of defense; and on December 28 a bond with Alfred W. Shomo and Edward J. Hagan as sureties was filed, which bond is the subject of this action. The condition

of the bond is in the following form: "That if the said appellant shall prosecute the appeal with effect and abide the order or decree of the appellate court, and pay all costs and damages awarded by the appellate court, or legally chargeable against said appellant, and pay all damages for injuries suffered by appellees from the time of the decree entered, and all mesne profits accruing after judgment, then the above obligation to be void, or else to be and remain in full force and virtue."

That appeal of Gravell to this court was non prossed and all costs thereon were paid by the defendant. The present action is brought on the bond against the appellant and his sureties. An affidavit of defense was filed which was adjudged insufficient by the court below, and a judgment was entered in plaintiff's favor for $196.96. From the record it appears that the first appeal was taken thirty-nine days after rendition of judgment, and at a time when there was outstanding an execution thereon, so that the appeal did not supersede the execution: Act of May 19, 1897, P. L. 67, sec. 4.

The plaintiff chose to treat the appeal as a nullity and proceeded with his execution to a sale of the defendant's real estate, just as though no appeal had been taken.

A recognizance defective in form may derive validity from the consent, express or implied, of the parties intending to be affected by it. It is tendered to the defendant in error as security in consideration of the delay and risk to which he may be subjected, and if he elected to accept and treat it as valid, and for this reason forbore to proceed by execution pending the writ of error, neither the principal nor the surety can evade liability on the ground of nonconformity to the requirements of the statute: Allen v. Kellam, 94 Pa. 253. Though, upon appeal, the record of the proceedings is removed for the purpose of reviewing and correcting of errors, there remains a valid judgment in the common pleas until reversed, for the purpose of lien and execution. The plaintiff did not stay his writ when the appeal was taken; the execution was not in any way interfered with; the defendant's real estate was sold under it and the proceeds of that sale in the sheriff's hands were paid into the court on the order of the plaintiff in the writ. That the fund fell short of paying his claim was not due to the fact that the appeal had been taken, as it had been ignored by the plain-

tiff and was non prossed by the defendant. The only liability of the plaintiff in the case then pending in this court was removed by the defendant's payment of the costs on the judgment of non pros.: Rheem v. Naugatuck Wheel Co., 33 Pa. 356.

Under the facts of this case no benefit or advantage to the defendant, and no delay or loss to the plaintiff followed the appeal. The facts as stated in the affidavit of defense are to be taken as true, and they make out a good defense to this action.

The judgment is reversed.