[No. 4228. Decided August 2, 1902.]

HERMAN QUANDT et ux., Respondents, v. C. M. SMITH, Appellant.

APPEAL — SUPERSEDEAS — EVICTION PENDING APPEAL — RIGHTS OF SURETY ON SUPERSEDEAS BOND.

A respondent who disregards the stay of proceedings allowed upon an appeal from a judgment against appellant for damages and the restitution of premises, in that he evicts the appellant pending the appeal from free and full use of the premises by shutting off his heat, light and water and by nailing up some of the entrances thereto, is not entitled, on an affirmance of his judgment, to judgment against the surety upon the supersedeas bond for anything more than the costs of his appeal, but is relegated to his action on the bond to recover further relief, where the inducement for the surety company to assume liability was its belief that appellant would be able to make enough out of his business on the premises to save the surety harmless.

*Motion by Surety against Rendition of Judgment on Supersedeas Bond.*

*S. M. Shipley* and *A. G. McBride,* for appellant.

*Ralph Simon,* for respondents.

The opinion of the court was delivered by

HADLEY, J.—The Fidelity & Deposit Company, surety upon the supersedeas bond of the appellant, moves for an order that the remittitur affirming the judgment in this cause be sent down without any judgment against the appellant or his surety, except for costs on appeal, and

that respondents be restricted to their remedy by an action upon the appeal bond for all other relief. The opinion in this cause affirming the judgment below was filed in this court June 24, 1902. 28 Wash. 664 (69 Pac. 369). The motion now addressed to the court is based upon the records and files of the cause, and upon certain affidavits filed in support of the motion. The affidavit of appellant states, in effect, that immediately after taking and perfecting the appeal in this cause, the respondents, in violation of appellant's rights, proceeded to bar with boards and nail up all the doors leading from the premises in dispute into the Palmer House Hotel, thereby cutting off appellant's access thereto and trade therewith, and that respondents also nailed up the two rear rooms of the premises so that there could be no access from the saloon in front through the hotel to said rooms; that respondents, by their contract of lease, let to appellant the use of the premises in dispute, including the connection with said hotel through said entrances, and also the gas light, steam heat and water for the premises; that, immediately after the appeal in this cause was perfected, respondents cut off the service of steam heat, gas light, and water, and refused to furnish the same, thus depriving the premises and appellant of the benefit thereof; that the closing up of said doors and rooms, and the withdrawal of the service of light, water, and heat, completely destroyed the use of the premises, and rendered them worthless and of no value whatever; that the premises in dispute were used by appellant, and known to respondents to have been used, for the purposes of a saloon and restaurant, and that two-thirds of the business done by the appellant therein was done with the patrons and occupants of said hotel, and that the closing up of said rooms and doors totally de-

prived appellant of the trade of the hotel and ruined his
business; that prior to such closing up and the withdrawal
of the service of light, heat, and water, appellant was
doing a prosperous business in said premises, and was
well able to pay for the use and occupation thereof,—all
of which facts were known to the officers of the surety
company furnishing the supersedeas bound upon this ap-
peal.   The affidavit of John A. Whalley is also  in   the
record, he having been the agent and manager of the local
office at Seattle of the surety company.   The affidavit sub-
stantially corroborates the statements contained in appel-
lant's affidavit, and further recites that, as such manager
and local agent, before executing the appeal bond in this
cause, he examined carefully into the business condition
and affairs of appellant, and into the condition of the
said premises, and ascertained that appellant was doing
a prosperous business therein, and that if he continued
to do business in the same manner he would be abundantly
able to respond to any judgment that might be rendered
against him in this cause, or for the use and occupation of
the premises, by reason of taking the appeal; that affiant
would not, in behalf of the surety company, have exe-
cuted and furnished the supersedeas bond on appeal but
for the foregoing facts, together with the further fact that
appellant, depending upon said opportunity to make
money, arranged to deposit monthly in reliable hands for
the benefit of the surety company a sum sufficient to pay
and discharge any judgment which might be rendered
against him by reason of damages for the detention of
the premises in dispute; and that appellant has, to the
personal knowledge of affiant, been deprived of such use
and occupation in the manner stated in appellant's affi-
davit, and thereby rendered unable to make the deposits

and payments necessary to indemnify said company from liability by reason of having furnished the supersedeas bond. The above affidavits are not denied, and, for the purposes of this hearing, must be taken as true. Due service of the motion, affidavits, and notice of hearing appears in the record, but respondents did not appear therein, and have filed no brief. The relation of the surety company to the judgment that would under the law be regularly entered in this court is such as entitles it to have these facts considered at this time for the purposes of this motion.

From the foregoing it appears that respondents declined to accept the protection afforded by the supersedeas bond. By virtue of the bond, under the law appellant was entitled to the possession of the whole premises and appurtenances theretofore leased pending appeal, and respondents were fully protected against damages by reason of such possession in appellant. Under the showing here, respondents chose to disregard the law and the protection afforded by the bond, took possession of a portion of the premises, and denied the use of valuable appurtenances and rights belonging thereto, to the use of all of which appellant was entitled by reason of the bond. Respondents cannot avail themselves of the protection of the bond, and at the same time deny to appellant the substantial use of the premises in dispute. In *Collins v. Ball,* 31 Hun, 187, execution was issued in disregard of the appeal bond, and it was held that the respondents on the appeal, by issuing the execution, elected to rely no longer on the bond; that they were not entitled to both remedies; and the surety was released. To the same effect are *Allen v. Kellam,* 94 Pa. St. 253, and *Dills v. Cecil,* 67 Ky. 579. In *Manning v. Gould,* 90 N. Y. 476, the court, at pages 480, 481, uses the following language:

"No reason can be suggested why the respondent should be permitted to disregard the undertaking and proceed upon the judgment as if none had been given, and yet have all the advantages that undertaking was intended to secure. The only object and purpose of the undertaking was to stay the execution of the judgment until the appeal had been heard and determined. The respondent cannot have the dual right to enforce the judgment pending the appeal as if no undertaking had been given, and at the same time treat it as valid security for the payment of the judgment."

The facts of that case were not analogous to those of this case, and such was true in *Collins v. Ball, supra,* but the language was quoted with approval in the last named case, and the court added:

"The facts of that case were not analogous to those of the case now before us, but we do not see why the principle that must govern the cases is not the same."

It is true, there was a judgment below against appellant in the sum of $350 for accrued rents and damages, in addition to the judgment for restitution of the premises, but when the surety undertook to guaranty the payment of that judgment he did so with reference to the condition that pending the appeal the whole judgment would be stayed, and appellant would have the benefit of possession of the premises. The surety may reasonably have expected that through the result of such possession appellant would indemnify it against loss, and the showing here is that it expressly relied upon that condition, and that in the absence thereof it would not have executed the bond. Section 6523, Bal. Code, provides for judgment in this court against the sureties upon a supersedeas bond for the amount of the judgment appealed from. The judgment appealed from here is, however, more than a judgment for the recovery of money. It

is mixed in its nature. While it awards judgment for money, it also grants other relief. The surety undertook by the supersedeas bond to stay the whole judgment, but the respondents ignored the stay of a portion of it. They did not do so by issuing execution, as in the cases cited, but they took the shorter course of enforcing a part of the judgment without execution, which logically leads to the same result. We therefore think, under the showing here, that judgment should not now be entered against the surety upon the supersedeas bond for any sum. This is, of course, in no sense an adjudication as to the final right of respondents to recover upon the bond. That can only be determined in an action upon the bond, where the facts can be properly investigated by the examination and cross-examination of witnesses. What is here said is not intended to anticipate as to the relative rights of respondents and the surety upon such a hearing, but is said only for the purpose of this hearing, and as stating the reasons why we now decline to enter judgment upon the bond. Upon the appeal bond proper judgment must, however, go against the surety for the costs of the appeal. The affirmance of the judgment, of course, establishes the whole judgment below, together with costs on appeal against appellant.

It is ordered that judgment be entered as above indicated, and that the remittitur shall issue accordingly.

REAVIS, C. J., and MOUNT, ANDERS, WHITE and DUNBAR, JJ., concur.