## Kilzol Products Co. v. John T. Porter Co.

*Appeals—Appeal after execution issues—Supersedeas—Act of May 19, 1897.*

1. Under the Act of May 19, 1897, P. L. 67, an appeal taken and perfected more than three weeks after the entry of judgment, and after execution has issued, cannot act as a *supersedeas*.

2. A bond entered in advance of an appeal cannot be deemed effective as a *supersedeas*.

Motion to stay *fi. fa.* C. P. Lackawanna Co., Jan. T., 1923, No. 835.

*R. L. Levy*, for plaintiff; *J. H. Price*, for defendant.

NEWCOMB, P. J., Dec. 31, 1925.—Nov. 27th judgment was taken against the defendant company on a verdict theretofore recovered. Steps were taken by the company for an appeal on Dec. 21st, by præcipe sent forward to Philadelphia. The same day bond in due form and substance with sufficient surety was filed in this court after having been first approved by one of the judges. Later the same day, plaintiff put the judgment in execution. That is the process now sought to be stayed.

The appeal and *certiorari*, tested the 22nd, came to defendant by mail on the 23rd. The present motion followed on the 28th. On that date the appeal was perfected by filing the writ of record in this proceeding.

The relief asked for is stoutly resisted, and the single question is whether bail so entered in advance of an appeal can be deemed effective as a *supersedeas*.

It is with some personal regret that one feels compelled to say it cannot. It would have been much more agreeable to one's sense of fairness if counsel had seen fit to waive his objection.

The trouble is that the appeal was taken and perfected more than three weeks after the entry of judgment. That, under the terms of the statute, is believed to be decisive: Act of May 19, 1897, P. L. 67. Thus in one case it was said: "From the record it appears that the first appeal was taken thirty-nine days after rendition of judgment and at a time when there was outstand-

ing an execution thereon, so that the appeal did not supersede the execution:" Geiselman v. Shomo, 13 Pa. Superior Ct. 1.

In another case the statute received the like construction in a well-considered opinion by Judge Rice. "But where the writ of error," it was said, "is not issued and served before the three weeks have expired, and in the meantime an execution has been levied on the defendant's property, the writ of error does not supersede the execution," etc., citing precedents: Neiier v. Scholken, 5 Kulp, 133. Again, to the like effect, it was said: "The appeal was not perfected by filing the certiorari in the court below until Aug. 28, 1906, which date was more than three weeks after the order or decree appealed from was entered. As the act of assembly expressly provides that an appeal shall not supersede an execution issued, unless taken within three weeks from the said entry, it follows that the appeal in this case is not a supersedeas:" Hoon v. Miller, 16 Dist. R. 703.

Here we have the case of a judgment more than three weeks old when on Dec. 21st execution went out, followed by a writ of error the next day, though the appeal was not perfected until several days later.

The mere fact that in anticipation of his writ appellant had caused bail to be entered on the same day the judgment was put in execution can avail him nothing, because the question is one of statutory procedure, the terms whereof leave no room for any such latitude of construction.

The motion is denied and the petition for stay of execution is dismissed.

From William A. Wilcox, Scranton, Pa.