## BURNHAM v. EDWARDS.

No. 16946.    Opinion Filed June 28, 1927.

(Syllabus.)

1. **Principal and Surety—Joint and Several Obligation—Right to Sue Surety Alone.**

When the obligation in a surety bond is joint and several, the obligee has the absolute right to proceed against the surety alone.

2. **Same—Effect of Recitals in Bond as Estoppel.**

The obligor in a bond cannot contradict the recital of a particular fact recited in the instrument, such as the existence of a judgment; but a recital of a "generality to be done", such as the condition of payment in the bond, will not operate as an estoppel.

3. **Appeal and Error—Liability on Supersedeas Bond—Defenses of Surety.**

A surety on a supersedeas bond is not estopped to set up as a defense thereto that the plaintiff has declined to accept the full protection of the bond, and has acted inconsistently therewith concerning the subject-matter of the judgment out of which the bond developed; and as a defense thereto whatever would discharge him in equity is a good defense at law.

Commissioners' Opinion, Division No. 2.

Error from District Court, McIntosh County; Enloe V. Vernor, Judge.

Action by Tony Edwards against J. F. Burnham. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Charles R. Freeman and J. B. Ward, for plaintiff in error.

Turner & Turner and H. B. Parris, for defendant in error.

HALL, C. This is an action to recover against the surety on a supersedeas bond. The bond was a part of the evolution of a certain lawsuit against the defendant in error, Tony Edwards, commenced by William Brooks and W. C. Brooks, in which action they sought a money judgment against Edwards, the defendant, and a decree foreclosing a mortgage on certain lands formerly sold to Edwards by William Brooks, a mortgage thereon having been executed by Edwards back to Brooks to secure the payment of the purchase price thereof. Edwards filed a cross-petition against plaintiff therein asking for a rescission of the contract, and the court, pursuant to its equitable jurisdiction and powers, attempted to settle the equities between the parties, and rendered an alternative judgment in favor of Edwards (who is defendant in error in this action), giving him the choice of electing within five days to accept a money judgment against William Brooks in the sum of $1,930, or retain and take the land involved in the action and covered by the mortgage on paying therefor, within a certain specified time, a sum considerably less than the original contract price. Edwards, the defendant in error in this action, within the time, filed his election to take the money judgment against William Brooks. An appeal from this judgment was prosecuted to this court by Brooks; J. F. Burnham, plaintiff in error herein, became the surety on the supersedeas bond. At some subsequent time, the appeal was dismissed by the Supreme Court.

The defendant in error in that action, who is the defendant in error in this action, and

obligee in the supersedeas bond, commenced this action, now before us, in the district court of McIntosh county to recover from the surety, J. F. Burnham, plaintiff in error herein, the amount of the money judgment rendered against Brooks in the lower court. The answer of defendant was in the nature of a confession and avoidance. He admitted the contract of suretyship, but contended and alleged in substance that plaintiff, the obligee in the bond, after filing his election to take the money judgment provided for in the previous and basic action, and at all times subsequently thereto, had claimed and was still claiming benefits of the other alternative of the judgment, in that he was claiming ownership and exercising dominion and possession of the land involved in the former controversy, which land he was to relinquish by the terms of the judgment when coupled with his election thereunder. This portion of the answer will be set out and discussed more fully hereinafter in the opinion.

All that portion of defendant's answer relating to these matters was stricken, on motion of plaintiff.

Defendant also sought to have the principal on the bond, William Brooks, made a party to the suit.

After these matters were stricken from defendant's answer, a trial was had, rather summary in its nature, as there was no issue left for the court to try except to determine the amount of interest and cost in addition to the judgment. Judgment was rendered against the defendant, Burnham, plaintiff in error herein, for the sum of $2,377.12, from which judgment the defendant, Burnham, lodged in this court his appeal.

Plaintiff in error's first contention is that the bond sued on is a joint obligation instead of a joint and several obligation, and that it was error to overrule defendant's motion to make the principal on the bond, William Brooks, an additional party thereto. He also contends that the judgment in the original action is void on account of its being an alternative judgment, and no final or subsequent order thereon ever having been rendered after the plaintiff had elected upon one of the alternatives.

These contentions are without legal merit. The bond in express terms provides that it is a joint and several obligation. It recites: "We do bind ourselves and each of us * * * jointly and severally by these presents." The obligation being joint and several, in view of the universal law governing the liability of a surety, and especially in view of

section 222, Compiled Oklahoma Statutes 1921, and all the decisions of this court on this particular subject-matter, plaintiff was at liberty to sue either the principal or surety or both. When the obligation is joint and several the obligee has the undoubted right to proceed against the surety alone, regardless of a motion by defendant to make the principal a party to the action. Yerxa v. Ruthruff, 19 N. D. 13, 120 N. W. 758, Ann. Cas. 1912D, 809; Francis v. First National Bank of Eufaula, 40 Okla. 267, 138 Pac. 140; Prentice v. First National Bank of Roff et al., 101 Okla. 232, 224 Pac. 963; Ferrero et al. v. State ex rel. Co. Atty., 64 Okla. 44, 166 Pac. 101.

Pertaining to the other matter, to wit, the nature of the judgment urged by plaintiff in error, the well-established rule of estoppel precludes him from successfully urging such matter as a defense to this action Whether there was rendered such a judgment as would have withstood a direct attack need not be discussed. It is enough to say that the bond recites a judgment, and such a judgment as the court has jurisdiction to render. The obligor in a bond cannot contradict the recital of a **particular fact** recited in the instrument, such as the existence of a judgment. First National Bank v. Rogers, 13 Minn. 407, citing 2 Smith, Leading Cases, 691; 2 Parsons, Contracts (5th Ed.) 789; Richardson et al. v. Penny, 10 Okla. 32, 61 Pac. 584; Parrott v. Kane et al. (Mont.) 35 Pac. 243; Herrick v. Swartwout, 72 Ill. 340; Healey v. Newton, 96 Mich. 228, 55 N. W. 666.

Without discussing the question of what might be the extent of the liability, if any, of a surety on a supersedeas bond superseding a judgment absolutely void—which question is not before us for consideration or decision—it is enough to say on this point that the particular judgment recited in the bond and actually rendered in the basic action, out of which the bond developed, is not void. Certainly it is not void for jurisdictional defects. The contention of plaintiff in error on this point seems to be wholly out of harmony with the decisions of the courts.

Plaintiff in error, in his brief, has devoted almost his entire argument to matters concerning which the settled law is against him. However, he raises and presents briefly one vital issue which we shall discuss at some length. In his brief he sets out in good form the history of the proceedings and sets forth his assignments of error, which specifically raise this issue, which may be stated as fol-

lows: Is a surety on a supersedeas bond foreclosed and precluded from setting up' as a defense thereto that the judgment has been extinguished in whole or in part, or that plaintiff has declined to accept the full protection of the bond and has acted inconsistently therewith concerning a portion of the property entering into the subject matter of the judgment? This issue was raised by the defendant's answer, the relevant portion thereof being as follows:

"2. That defendant admits signing the bond sued on herein but denies liability thereon and says said bond never became binding or effective against the principal thereon, Wm. Brooks, or against himself as surety for the following reasons: That in cause No. 3433 in this court wherein Wm. Brooks and W. C. Brooks were plaintiffs and Tony Edwards et al. were defendants, in which action Wm. Brooks brought suit on certain notes given for the purchase price of certain lands in the sum of $15,000 and to foreclose a mortgage on certain real estate which Tony Edwards had purchased from Wm. Brooks, and in answering said petition Tony Edwards admitted the execution of the mortgage but by way of cross-petition alleged that the contract was procured by fraud, and asked that the contract be rescinded and that he have an accounting for certain farm products furnished Brooks by him; that after hearing said cause this court, on the 3rd day of January, 1924, entered its judgment in the alternative to the effect that Wm. Brooks should have a judgment against Tony Edwards for the value of the land at $12,000 with certain credits to Tony Edwards, or that Tony Edwards could elect to rescind the entire transaction and return the land to Wm. Brooks and take a judgment against Wm. Brooks for $1 930 on the accounting and gave Tony Edwards five days to file his election in writing; that a rue copy of said judgment of the court is hereto attached, marked 'Exhibit A' and made a part hereof; that a pretended election was filed by Tony Edwards within the time a copy of which is hereto attached, marked 'Exhibit B' and made a part hereof; defendant shows to the court that Tony Edwards has failed to deliver the premises over to Wm. Brooks and now refuses to do so and is asserting absolute title and ownership of said premises; that because of his assumption and claim of ownership of said premises said alleged election to accept judgment in the sum of $1,930 against Wm. Br oks never became effective, and said judgment in the alternative never became a final judgment from which an appeal could be taken; that said bond was executed under the belief that the said Tony Edwards had elected to and would deliver back to the said Wm. Brooks said premises and accept the judgment in the sum of $1,930 from which the said Wm. Brooks desired to appeal to the Supreme Court; and under the belief that said Tony Edwards had elected to take judgment against the said Wm. Brooks in the sum mentioned in the court's alternative judgment; that Tony Edwards' action in asserting ownership of said land is and was an election to retain the land and reject the judgment against Brooks. * * * 3. Defendant further shows to the court that on the 6th day of January, 1925, the plaintiff, Tony Edwards, asserting himself to be the owner of the premises involved in said cause No. 3433, filed his petition in forcible detainer in the justice court of McIntosh county, Okla., against one Will Branch, who had moved into a portion of said premises at the request of Wm. Brooks, the said Wm. Brooks believing he had the right and authority to rent said premises. had attempted to rent said premises to the said Will Branch; that a true copy of all of the proceedings had in said forcible entry and detainer case in said justice of the peace court is hereto attached, marked 'Exhibit C' and made a part hereof. That by reason of the action of the plaintiff, Tony Edwards, in relation to said premises since the court made said alternative judgment on June 3, 1924, wherein he has continually held possession of the house and parts of the land and in ousting the tenants of Wm. Brooks, he has estopped himself now to elect to claim a judgment against Wm. Brooks for $1 930 or any other sum under said judgment and has elected to take the lands under said judgment, and such being the case, there is not and has never been any judgment against Wm. Brooks in favor of plaintiff and said supersedeas bond is a mere nullity and binds no one."

Upon motion of the plaintiff, this portion of the answer, which included all pleadings pertaining thereto, was stricken by the court. No evidence was heard in support of the motion to strike. The motion was probably treated as a special demurrer or the answer considered a sham. The defendant excepted to the ruling of the court.

We think the answer sets up a defense. Where an alternative judgment has been rendered and the person in whose favor the judgment is rendered elects to take one of the alternatives and the adverse par y appeals and files a supersedeas bond superseding the judgment apparently adopted by the other party. then the adverse party, the appellee. cannot assume the dual position of claiming and appropriating the benefits of the other alternative of the judgment and at the same time claim protection under the bond. In such case the appellee must stand or fall while holding but one horn of the judgment; he cannot hold two. That proposition is so fundamentally correct and just, and so interwoven with the principles of

equity and natural justice that a citation of authorities is unnecessary; but as a fortification to this rule we find the general principle announced in Corpus Juris, vol. 4, page 1308, in the following language, to wit:

"It is a good defense that the judgment has been extinguished * * * or that respondent or appellee has declined to accept the protection of the bond and has acted inconsistently therewith."

Of course, it would seem that the extent of the inconsistency and the detriment resulting to the obligor, principal, or surety, by reason of such inconsistency, must be the determining factor in excusing liability or reducing primary liability on the bond.

The case of Quandt et ux. v. Smith, 29 Wash. 311, 69 Pac. 1097, involved a state of facts analogous to the facts in this case and the legal principles governing the one clearly govern the other. In that case the defendant (plaintiff in error) occupied under a lease a portion of the ground floor of a hotel where he operated a saloon. The saloon and hotel were directly connected with each other by entrance doors. The saloonkeeper's business was good. The proprietor of the hotel, who, it appears, was entitled to the paramount lease, sought, in an action at law, to oust the saloonkeeper from the premises, and for other relief. He recovered against the defendant a money judgment, and judgment for possession of the premises. The defendant appealed and superseded the judgment, with the Fidelity & Deposit Company as surety. The defendant in error, apparently not relying on this bond, barred and nailed up the doors leading from the hotel to the saloon, thereby depriving plaintiff in error of the use of a valuable part of the premises—places and points of ingress and egress for thirsty hotel guests and regulation visitors. The judgment was affirmed and a motion was made by defendant in error, after due notice thereof to the adverse party, to render judgment on the bond. The motion was contested. The court refused judgment stating it was a matter of fact to be determined in a direct action to be decided according to the rules of law set forth in the opinion which, in substance, is as follows:

"From the foregoing it appears that respondents declined to accept the protection afforded by the supersedeas bond. By virtue of the bond, under the law appellant was entitled to the possession of the whole premises and appurtenances theretofore leased pending appeal, and respondents were fully protected against damages by reason of such possession in appellant. Under the showing here, respondents chose to disregard the law

and the protection afforded by the bond, took possession of a portion of the premises, and denied the use of valuable appurtenances and rights belonging thereto, to the use of all of which appellant was entitled by reason of the bond. Respondents cannot avail themselves of the protection of the bond, and at the same time deny to appellant the substantial use of the premises in dispute. In Collins v. Ball, 31 Hun, 187, execution was issued in disregard of the appeal bond, and it was held that the respondents on the appeal, by issuing the execution, elected to rely no longer on the bond; that they were not entitled to both remedies; and the surety was released. To the same effect are Allen v. Kellam, 94 Pa. 253, and Dills v. Cecil, 67 Ky. 579. In Manning v. Gould. 90 N. Y. 476, the court, at pages 480, 481, uses the following language: 'No reason can be suggested why the respondent should be permitted to disregard the undertaking and proceed upon the judgment as if none had been given, and yet have all the advantages that the undertaking was intended to secure. The only object and purpose of the undertaking was to stay the execution of the judgment until the appeal had been heard and determined. The respondent cannot have the dual right to enforce the judgment pending the appeal as if no undertaking had been given, and at the same time treat it as valid security for the payment of the judgment'. The facts of that case were not analogous to those of this case, and such was true in Collins v. Ball, supra, but the language was quoted with approval in the last-named case, and the court added, 'The facts of that case were not analogous to those of the case now before us, but we do not see why the principle that must govern the cases is not the same.' It is true, there was a judgment below against appellant in the sum of $350 for accrued rents and damages, in addition to the judgment for restitution of the premises, but when the surety undertook to guarantee the payment of that judgment he did so with reference to the condition that pending the appeal the whole judgment would be stayed, and appellant would have the benefit of possession of the premises. The surety may reasonably have expected that through the result of such possession appellant would indemnify it against loss, and the showing here is that it expressly relied upon that condition, and that in the absence thereof it would not have executed the bond. Section 6523. 2 Ballinger's Ann. Codes & St., provides for judgment in this court against the sureties upon a supersedeas bond for the amount of the judgment appealed from. The judgment appealed from here is, however, more than a judgment for the recovery of money. It is mixed in its nature. While it awards judgment for money, it also grants other relief. The surety undertook by the supersedeas bond to stay the whole judgment, but the respondents ignored the stay of a portion of it. They did not do so by issuing execution, as in the cases cited, but

they took the shorter course of enforcing a part of the judgment without execution, which logically leads to the same result. We therefore think, under the showing here, that judgment should not now be entered against the surety upon the supersedeas bond for any sum. This is, of course, in no sense an adjudication as to the final right of respondents to recover upon the bond. That can only be determined in an action upon the bond, where the facts can be properly investigated by the examination and cross-examination of witnesses. What is here said is not intended to anticipate as to the relative rights of respondents and the surety upon such a hearing, but is said only for the purpose of this hearing, and as stating the reasons why we now decline to enter judgment upon the bond."

"It is the accepted law that **sureties may plead anything which their principal might plead in his denial of liability on the bond. Where a surety is sued alone whatever would discharge him in equity is a good defense at law.**" (Emphasis ours.) 21 R. C. L., page 1077, sec. 118; Wallace v. Holly, 13 Ga. 389, 58 Am. Dec. 518; First National Bank v. Rogers, 13 Minn. 407; Aeschlimann v. Presbyterian Hospital, 165 N. Y. 296, 59 N. E. 148; Springer v. Toothaker, 43 Me. 381. 69 Am. Dec. 66; Baker v. Briggs, 8 Pick. (Mass.) 122.

This doctrine directly applies to actions on appeal and supersedeas bonds. First National Bank v. Rogers 13 Minn. 407; Sharon v. Sharon, 84 Cal. 433; Stelle v. Lovejoy, 125 Ill. 352.

The rule is stated somewhat broadly by the authors of R. C. L. in vol. 2, at page 314, in the following language:

"Another deduction from the general principle that the plaintiff cannot recover in an action against the sureties, so long as he cannot recover against the judgment defendant is that any circumstance which operates as a discharge of the judgment is always a good defense in such an action, as, for instance, payment of the judgment."

As to the nature of the defense or defenses which may be interposed in an action on a supersedeas bond, this court, in the case of Douglas et al. v. Cutlip, 118 Okla. 21, 246 Pac. 392, held:

"As a general rule in an action upon a contract, such as an appeal bond, whatever, either at law, or by the rules of equity to which courts of law can give effect, operates to discharge or extinguish the claim upon the contract, or bond, is a defense thereto."

This doctrine is founded upon the well-known equitable principle that relief inconsistent with the equities of the adverse party will be denied. As an illustration of this rule, it has been often held that "one seek-

ing to avail himself of a portion of an agent's acts cannot avoid the obligation imposed by the same acts" (German National Bank v. Hastings First National Bank, 59 Neb. 7, 80 N. W. 48) ; and that "one claiming under a provision in a contract cannot repudiate obligations imposed on him by the same contract." New York, etc., Ry. Co. v. N. Y., 1 Hilt. (N. Y.) 562.

A contract of suretyship imputes and demands entire good faith and a confidence in the whole transaction.

The well founded principle that in an action to enforce the provisions of a supersedeas bond the obligors are not estopped to set up as a defense thereto, or to maintain an independent action for, any act of the obligee in the bond amounting to a breach of duty or any unwarranted act growing out of and connected with the subject-matter of the bond, when such acts operate to the prejudice of the principal, was announced in the case of Johnston v. Johnston, 104 Okla. 131, 230 Pac. 700. The only difference between this and other cases cited, is that in the Johnston Case, supra, the unsuccessful plaintiff in error and obligor in the supersedeas bond anticipated an action upon the bond and brought an action against the defendant in error and obligee in the bond, for damages for unlawful possession of the real property in dispute during the pendency of the appeal. Plaintiff recovered judgment, and on appeal it was sustained by this court.

For the reasons herein stated, the judgment of the district court is hereby reversed and remanded with directions to proceed in accordance with this opinion.

BENNETT, JEFFREY, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note—See under (1) 32 Cyc p. 125: 21 R. C. L. p. 1077. (2) 4 C. J. p .1270, §3355; 21 C. J. p. 1097, §84; p 1099, §86 (Anno) ; 32 Cyc. p. 69. (3) 4 C. J. p. 1308, §3441; 32 Cyc. p. 149; 2 R. C. L. p. 314; 1 R. C. L. Supp. p. 496.